MARSHALL P. DAVIS *v.* JOSEPH HEMINGWAY.

[ IN CHANCERY. ]

*Chancery. Mortgage. Cestuis que trust.*

In a bill to foreclose a mortgage held by one as trustee, the *cestuis que trust* are necessary parties.

APPEAL FROM CHANCERY. The orator's bill was brought to foreclose the defendant's interest in equity, under a contract between him and one Jacob Davis, to redeem a certain piece of land which the orator alleged had been conveyed to him by the said Jacob Davis. The defendant by his answer denied all knowledge or information respecting the orator's title, or the conveyance of Jacob Davis to him, except what appeared from the record of said Davis' deed to the complainant, upon which information he insisted that the orator had no title or interest in said premises except as the agent of L. F. Davis and Elkanah Smith.

The deed from Jacob Davis to the orator, which was filed as an exhibit, read as follows:

" Know all men by these presents that we, Jacob Davis and Sarah Davis, his wife, both of Randolph, Orange county, and state of Vermont, for and in consideration of four hundred and eighty-three dollars and eighty-seven cents, likewise received a bond of this date, not yet fulfilled, which is a part of the consideration yet to be paid, as the bond says, signed by Marshall B. Davis and William E. Chamberlin, of Brookfield, and Parley Orcutt and Jacob Orcutt, of Randolph, all of Vermont, received to our full satisfaction of Marshall P. Davis, of Brookfield, Orange county, Vt., agent for L. F. Davis and Elkanah Smith, of the state of Wisconsin, to settle their suit with Jacob Davis and Joseph Hemingway of Randolph, Orange county, Vermont, for which consideration we remise, release, and forever quit-claim, and by these presents for ourselves and our heirs do fully, clearly and absolutely remise, release and forever quit-claim unto the *said Marshall P. Davis, agent as aforesaid, his heirs and assigns* forever, all the right, title, interest, estate, property and demand which we, the said Jacob Davis and Sarah Davis, have in and to a certain piece or parcel of land," * * * (description of premises.) * * *

" *To have and to hold the aforesaid premises unto him, the said Marshall P. Davis, agent as aforesaid, his heirs and assigns forever, we likewise quit-claim his share* of the rent on the premises since the first of April last, at his own risk and benefit. So that we, the said Jacob Davis and Sarah Davis his wife, neither of us, nor any other person or persons in our name or behalf, shall or

will hereafter claim or demand any right or title to the premises aforesaid, or any part thereof; *but they and every of them shall by these presents* be excluded and forever barred.

" In witness whereof," &c.

The court of chancery, February 26th, 1857, decreed that the defendant pay the sum due in equity, being —————— dollars, within one year, or be foreclosed, &c.; and from this decree the defendant appealed.

*P. Perrin* and *L. B. Peck*, for the defendant.

The orator has no interest or equity in this bill, and consequently is not entitled to a decree in his favor; *Hadlock* v. *Williams*, 10 Vt. 570.

This is a matter which could not be taken advantage of by demurrer, as the bill does not show this fact, but it is shown by both the answer and the exhibits in the case. The deed shows title in Leonard F. Davis and Elkanah Smith only, and that the orator is their agent, therefore they should have been made orators, and not their agent.

It is necessary that all the parties interested in the subject matter of the controversy should be made parties, either as orators or defendants; *Noyes* v. *Sawyer*, 3 Vt. 160; *McConnell* v. *McConnell*, 11 Vt. 290; *Hadlock* v. *Williams*, 10 Vt. 570; *Chadwick* v. *Mador et al*, 12 Law and Equity 180.

*W. Hebard*, for the orator.

I. The orator has the legal title to the estate, which is sufficient for him to foreclose the defendant's equitable interest.

II. The orator has not only the *legal title* to the estate, but he has an *equitable interest* in the estate.

The consideration all moved from the orator. The money was paid by him, and the bond which was given was procured and signed by the orator.

If the defendant claims that the orator has been discharged from his interest in the land by repayment of the *money*, and the canceling the *bond*, we reply that such is not the fact; but if it is, the *onus probandi* of that fact is upon the defendant.

III. It is a matter in which the defendant has no interest.

The orator having the legal title to the premises, a payment of the money to him will be a full and complete protection to the defendant against any other person.

This is not like the case of *Noyes* v. *Sawyer*, 3 Vt. 160. In that case the other partners had a joint and common interest in the mortgage with the orator.

In this case the orator has no joint interest with Smith and L. F. Davis. He has the *legal title*, and his interest is not in common with them.

The opinion of the court was delivered by

REDFIELD, CH. J. This is a bill to foreclose an equity of redemption. The conveyance of the mortgagee's interest to the plaintiff, both in the granting part or premises of the deed and in the habendum, is expressed to be to him, as agent of certain other parties. *Prima facie*, then, it is a conveyance for their benefit, and they are interested in the mortgage. And a more extended examination of the relation of the parties seems to show very clearly that L. F. Davis and Elkanah Smith have all along had an interest or claim in the premises, and the conveyance to the plaintiff seems to have been with a view to the recognition and settlement of their claim. But of this we could no doubt judge with more accuracy if all the conveyances and contracts relative to this property were before us. But upon the face of the deed, and from what we gather from the bill and answer and the argument, we regard the plaintiff as holding the title of this mortgage in part, at least, for the benefit of L. F. Davis and Elkanah Smith. If so he is the trustee and they the *cestuis que trust* to that extent. If so the law is perfectly well settled that they are necessary parties to a bill to foreclose the equity; Story's Eq. Pl., sec. 201 ; *Wood* v. *Williams*, 4 Madd. 31 ; *Lowe* v. *Morgan*, 1 Brown's C. 368 ; Story's Eq. Pl., sec. 207.

We think, therefore, that the decree of the chancellor must be reversed and the case remanded to the court of chancery with directions to dismiss the bill for want of necessary parties, unless the objection be removed.