CHALMER D. Blossom, Appellant, v. BENJAMIN J. VAN COURT, Respondent.

*Conveyance—Covenant—Encumbrances—Revenue.*—The covenants contained in the words "grant, bargain and sell" in a conveyance of land, is a covenant against the encumbrances caused by the taxes assessed to the owner of the land at the date of the assessment. The statute (R. C 1855, p. 1320, § 18) requires lands to be assessed in the name of the person owning the land on the 1st day of February in each year; if the owner, therefore, convey the land after that date, he is liable upon his covenant against encumbrances for the tax assessed for the year.

*Appeal from St. Louis Land Court.*

This suit was commenced December 15, 1857, and was submitted to the Land Court upon the following facts:

"Benjamin J. Van Court and Alexander Van Court acquired the lot of ground in the year 1847, by deed dated December 21, 1847. On the 30th March, 1853, Alexander Van Court and wife made a deed to Benjamin J. Van Court.

"On February 11th, 1857, Benj. J. Van Court made to plaintiff a deed of "grant, bargain and sale" in the usual form. At that time there were arrears of taxes due upon the land or lot of ground described in the deed to plaintiff for several years, but all of these have, since the commencement

of this action, been paid by the defendant—no part of these having been paid at any time by the plaintiff. Before the beginning of this suit plaintiff paid the taxes on said land for the year 1857, to wit, on the 3d day of November, 1857; he paid the State, railroad and county taxes, amounting to sixty-three dollars and twenty eight cents; and on the 15th day of November, 1857, he paid the city taxes, amounting to forty-two dollars and seventy cents."

*Bland & Colman*, for appellant.

I. The only question submitted to the court, or "intended to be presented" by the agreed case, was whether the appellant was chargeable with the payment of the taxes of 1857, or any part thereof? Were the taxes of 1857 a lien or encumbrance upon the premises conveyed on the 11th day of February, A.D. 1857, at the date of the conveyance?

The statute in force at the time of the execution of the conveyance. in question having directed such taxes to be assessed on the first day of February of each year, are they not presumed to have been assessed the 1st day of February, 1857? Taxes become a lien upon the real estate against which they are assessed from the time they are directed to be assessed.

It is necessary that some certain time be fixed at which taxes become a lien; if they are so only from the time of their actual assessment, the time of the lien will vary each year according to the date of such actual levy; and the only reasonable or proper time for the fixing of such lien, is on the day the taxes are by law directed to be levied or assessed. The several provisions of our statutes on this subject indicate that as the day from which the taxes become an encumbrance on the lands assessed. (R. C. 1855, p. 1326, § 18, 19; p. 1332, § 33, 34; p. 1334, § 49; p. 1347, § 56; p. 1330, § 21; p. 1331, § 31.)

The taxes for the year 1857, upon the premises described in the conveyance in question, became a lien or encumbrance thereon on the first day of February, 1857; that such en-

cumbrance existed at the date of the conveyance; and that the appellant, having paid them, as set forth in the agreed case, was entitled to a judgment in his favor for the amount thereof. (8 Watts v. Seg. 449; Commonwealth v. Bank, 22; Pick. 176; 8 Georgia, 479; Doe, *ex dem.* Gledury, v. Devors, 3 Cow. 75; 12 Mo. 143.)

*T. T. Gantt*, for respondent.

The judgment of the court below was correct, and should be affirmed for the following reasons, viz:

I. The suit was brought December 15, 1857; that is, before the end of the year when the taxes were due. Whether Van Court was bound to pay the taxes of 1857 or not, he had the whole year to pay in, and was not liable until the year had closed for failing to pay. No demand was made of him to pay these taxes in respect of the taxes of 1857; then no cause of action had arisen on the 15th December, 1857, no matter what view be taken of the liability of the defendant to pay these at some time or other. But at that time certain old taxes were due and unpaid, which, after the commencement of the suit, were discharged wholly by the defendant. Here was a technical breach of the covenant, and for the breach the court awarded nominal damages.

II. The taxes of 1857 were not, in contemplation of law, an encumbrance on the land when sold by him to plaintiff. As to the city taxes, it is settled that the period for which these may be charged, and the time at which they become a charge on lands, depends on the ordinances of the city of St. Louis; unless these are shown, the court below could know nothing on the subject. No ordinances were shown, and therefore it is impossible to say that in respect of the city taxes any error was committed by the court below. (City of St. Louis v. Benoist, 19 Mo. 179.)

As respects the State and county taxes, the matter, though not disposed of so summarily, is no less clear.

By the act of 13th December, 1855, (R. C. p. 1329, § 18, art. 2,) each assessor was directed to proceed on the first day

of February in each year, and ascertain what lands and other taxable property were on that day owned by any person in his district. By the light of this information he was to make up his tax-book, (§ 43, p. 1333–4,) and this tax-book was to be returned to the County Court of each county on or before the first of July in each year. At the next term of the County Court thereafter—not to more than thirty days thereafter—the County Court was directed to sit as a Court of Appeals on this tax-book, after publication made. (§ 50.) So soon as the appeals had been heard and determined, it was the duty of the clerk of the court to make out a fair copy, authenticated by the seal of the court, for the use of the collector. (§ 55.)

So much for the State tax. It appears from this citation, that some time after the first of July in each year the tax bills would go into the hands of the collector for the State tax. This was fixed by law.

When was the county tax levied or fixed? We see nothing to guide us; we know practically that it is not fixed until the coming in of the tax-book. The court waits to see how large a rate will be necessary for county expenses. (Art. 4, § 1, p. 1349, R. C. 1855.) This rate is larger or smaller in inverse proportion to the total valuation of taxable property.

The delinquent list was returnable at the term of the County Court, to be held on the third Monday of December. Now this third Monday could not be earlier than the 15th in any event. In 1857 the third Monday of December fell on the latest day possible, i. e. the 21st of December. (See American Almanac.) The taxes could be paid at any time before the first of June thereafter. (§ 3, art. 5, p. 1352, R. C. 1855.)

It is clear, then, that the amount of taxes chargeable against any land for State purposes cannot be known for any year until after the return of the tax-book. The rate may be fixed, but this will not suffice until we know the sum on which the per centage is to be computed, that is, the value of the taxable property, even in the case of State tax. As re-

spects the county and railroad tax, both elements are uncertain until after the return of the tax-book, and in no sense can it be said that there was an encumbrance on the land, in respect of which a vendor is responsible to his vendee, at any time before the period when the tax is declared and its payment rendered possible.

BATES, Judge, delivered the opinion of the court.

This is a suit upon the covenant against encumbrances expressed in the words "grant, bargain and sell," in a conveyance of land.

The only question upon which it is necessary to give an opinion is as to the liability of Van Court to pay the taxes for the year 1857, his deed to Blossom having been made on the eleventh day of February in that year, and he having been the owner of the land on the first day of February.

1. The State and county taxes constitute a liability of the owner of the property, as well as an encumbrance upon the land itself, which could be sold for their non-payment.

2. The 18th section of the second article of the act of 1855 concerning revenue is as follows: "Every assessor shall commence on the first day of February in each year, during his continuance in office, and go through all parts of the county or subdivision of the county in which he is the assessor, and require every person who shall have owned, or shall have had the charge or management of, any property on the said first day of February in each year, taxable by law, except merchandise, and being within the county, to deliver him a written list of the same," &c.

In the previous article it had appeared what property was subject to taxation and the rate of the annual tax. The section above quoted appears to fix definitely that the tax should be assessed against the person who was on the first day of February the owner of the property, thus fixing his liability on that day, and charging the property with it as an encumbrance, (although the amount of the encumbrance is not ascertained until afterwards.) The defendant having conveyed

the land on the eleventh day of February, was liable for the taxes assessed against the property on the first day of that month.

As to the city taxes, the agreed case does not show at what time they became chargeable upon the property, and in respect to them we cannot, therefore, say that any error was committed in the lower court. The agreed case excludes the consideration of all other questions. The judgment in the lower court having been for nominal damages only, will be reversed, and judment will be given here for the State and county taxes and interest.

Judges Bay and Dryden concur.