CHAS. McLAREN, Respondent, *v.* EDWIN A. SHEBLE, Appellant.

1. *Revenue—Real estate sold subsequent to first Monday in September—Taxes on, paid by whom—Lien of tax.*—State and county taxes constitute a lien on real estate from and after the first Monday in September, and the then owner will be liable to a subsequent purchaser for them, on his covenant of warranty, even though the sale is prior to the assessment. (Blossom v. Van Court, 34 Mo. 390; Gen. Stat. 1865, ch. 12, § 12.)

### *Appeal from St. Louis Circuit Court.*

*Harding & Crane,* for appellant.

The present revenue law (Gen. Stat. 1865, ch. 12, p. 98 *et seq.*) does not provide or contemplate that the assessments to be made thereunder shall operate as liens by relation, but only from the time when they shall actually be made. (Gen. Stat. 1865, ch. 12, §§ 9, 10, 13, pp. 99, 100; *id.* § 67, p. 108; Long v. Moler, 5 Ohio St. 272; Hutchins v. Moody, 30 Verm. 657; Jackson v. Sassaman, 29 Penn. St. 109.) The case of Blossom v. Van Court, 34 Mo. 390, is not applicable to the present statute. Under the former law, the assessment, as well as all subsequent acts, took place in the year for which the taxes were levied, while under the latter the assessments may commence on the first Monday of September of the year preceding.

*Krum, Decker & Krum,* for respondent.

The lien by statute for taxes is an outstanding encumbrance created by statute on the first Monday of September previous to the date of the deed. (Blossom v. Van Court, 34 Mo. 390; Long v. Moler, 5 Ohio St. 271; Rawle on Cov. 149; Mitchell v. Pillsbury, 5 Wis. 407; 3 Washb. on Real Prop. 393.) The fact that the encumbrance is created by law, or is known, makes no difference. (Same cases, 3 Washb. Real Prop. 394.)

CURRIER, Judge, delivered the opinion of the court.

On the first Monday of September, 1866, the defendant was the owner and in possession of certain real estate in St. Louis

county, and so continued till October, when he sold and conveyed the same to the plaintiff, who thereupon took possession. The deed of conveyance contained the covenant of warranty implied in the words " grant, bargain, and sell." This suit is brought upon that covenant to recover the amount of State and county taxes assessed against the property in the name of the defendant for the fiscal year 1866–7, the same having been paid by the plaintiff, the defendant refusing to do so.

No actual assessment of the property for the year 1866 had been made at the date of the sale and transfer. The assessment, however, was subsequently made in accordance with the statute in the name of the defendant, as being the owner on the first Monday of September of that year. Did the lien of the tax imposed by virtue of the assessment take effect by relation from that date? That is the only question presented for consideration, and it is substantially determined by the decision in Blossom v. Van Court, 34 Mo. 390. The circumstantial differences between the two cases do not affect the principle involved. That case decides in effect that the tax lien does relate back to and take effect from the inception point of the assessment, although the assessment may not be consummated till a later day or month in the year. The language of the court on this point is clear and explicit. The statute under which that decision was made required the assessor to begin his work on the first day of February; the present statute requires the assessment to date from the first Monday of September, and to include the taxable property of the tax-payers respectively owned by them on that day. The oath required to be administered to tax-payers (Gen. Stat. 1865, ch. 12, § 12) excludes all doubt as to the true initial point of the assessment.

According to the rule laid down in Blossom v. Van Court, the defendant, being the owner and occupier of the premises on the first Monday of September, 1866, was liable for the taxes of the fiscal year beginning at that date, and such taxes constituted a lien upon the property, by relation, from and after the first Monday of September, although not actually levied till the year 1867. The rule is just. Suppose that A., on the first Monday of Sep-

tember in any given year, had $10,000 cash, and returned it as the law requires; and B., on the same day, had $10,000 invested in real estate, and in like manner returned it for taxation. Suppose, then, that these parties, on some subsequent day prior to the consummation of the assessment, should exchange property, who should pay the taxes? A. would be compelled to pay the personal taxes assessed on account of the $10,000 cash returned, and, according to the theory of the defendant, also the taxes assessed on account of the real estate returned by B.—thus paying the taxes of the two for that year, relieving his vendor from all tax payments whatever, in the case supposed. The true and equitable rule is for each party to pay the taxes assessed on account of the property owned by them respectively on the initial day of the assessment, in the absence of any stipulation to the contrary.

This equitable rule is recognized in Blossom v. Van Court, and that case, as already observed, decides that the tax lien takes effect and becomes an encumbrance from the inception of the assessment. An adoption of the principle of that decision involves an affirmance of the judgment. Judge Bliss concurs. Judge Wagner absent.