Stafford v. Fizer.

STAFFORD *et al.* v. FIZER *et al.*, *Appellants.*

1. **Taxes:** LIEN OF THE STATE FOR SUPERIOR: JUNIOR OR INFERIOR INCUMBRANCE: EJECTMENT. The lien of the State for taxes takes precedence of and is superior to all other liens, whether prior or subsequent. But in a suit to enforce such lien, the holder of a junior or inferior incumbrance must be made a party, if it is desired to divest him of his rights; otherwise he will be entitled to redeem from the purchaser under the superior or tax lien. And the trustee is not a competent party to foreclose by suit, without joining the beneficiary with him. But the purchaser under the superior lien has the superior legal title, which the holder of the junior or inferior lien cannot successfully resist in an action of ejectment for the recovery of possession.

2. **Evidence:** AGREEMENT BETWEEN PARTIES TO SUIT. An agreement between parties plaintiff and defendant litigating the title to land, made for the purpose of effecting an amicable disposition of the crops and rents and securing the *terre tenant* in possession for the remainder of the year, whichever party should prevail in the controversy and which, by its terms, was not to affect the rights of the parties to the title, cannot be invoked for the purpose of prejudicing the rights of either party to such litigation.

*Appeal from Saline Circuit Court.*—Hon. J. P. STROTHER, Judge.

AFFIRMED.

*Smith & Krauthoff* with *Boyd & Sebree* for appellants.

(1) The suit was prematurely brought. To have entitled plaintiff to recover, it was necessary for her to show that at the time of the commencement of the suit, defendants were in possession and that plaintiff had the right to the possession. R. S. 1879, § 2247. This was clearly negatived by the stipulation in the contract. In this state, plaintiff cannot recover in ejectment unless the "legal title was vested in him at the time of bringing the suit." *Norfleet v. Russell,* 64 Mo. 176; *Ford v. French,* 72 Mo. 250; *Dunlap v. Henry,* 76 Mo. 106. Plaintiff can not recover where it appears he had "no cause of action at the time of

| | |
|---|---|
| 82 | 393 |
| 102 | 69 |
| 82 | 393 |
| 103 | 45 |
| 104 | 589 |
| 82 | 393 |
| 107 | 458 |
| 82 | 393 |
| 128 | 183 |
| 82 | 393 |
| 69a | 184 |
| 82 | 393 |
| 74a | 354 |
| 82 | 393 |
| 158 | 464 |
| 159 | 316 |
| 82 | 393 |
| 171 | 432 |

the bringing his suit." *Norcune v. D'Oench*, 17 Mo. 98; R. S. 1879, § 2247. (2) H. Clay Cockerill's title to the land in dispute cannot, in any way, be affected by the back tax suit, for the reason that neither the heirs nor legal representatives of Thomas N. Cockerill were parties to the same. They were necessary parties. Acts 1877, p. 386, § 6; Blackwell on Tax Titles (4 Ed.) §§ 420, 423; R. S. § 3465; *State ex rel. Petts v. Staley*, 76 Mo. 158; *Seibert v. Allen*, 61 Mo. 488; *City of Kansas v. Railroad Co.*, 77 Mo. 180. In equity, all parties materially interested in the subject matter of the suit, ought to be made parties plaintiff or defendant. 1 Story's Eq. Pl., § 76; *Williams v. Bankhead*, 19 Wall. 563. And the rule is the same in legal actions. Bliss on Code Pl. §§ 77, 78. The legal representative of the estate of the deceased not having been made a party to the back tax proceeding, neither he nor the defendant, H. Clay Cockerill, is concluded by it. *City of St. Louis v. Richerson*, 76 Mo. 470; Cooley on Tax, pp. 265, 266, 572. In proceedings *in rem* publication or personal citation is essential to give jurisdiction. Waple's Res. Adjudicata, 125, §§ 87, 625; *Corwin v. Merritt*, 3 Barb. 341; Blackwell on Tax Titles, p. 237; *Chase v. Hathaway*, 14 Mass, 222; *Eddy v. People*, 15 Ill. 386; *Henry v. Woods*, 77 Mo. 277; *Hale v. Finch*, 104 U. S. 261. The legal representative of the estate of Thomas N. Cockerill not having been made a party to said back tax suit, a sale of the said land was as to him and the defendant, *coram non judice*. *Rees v. City of Watertown*, 19 Wall. 106; 1 Story Eq. Jurisprudence, § 60; Constitution of Mo., Art. 2, § 30.

*Wm. D. Bush* and *Samuel Davis* for respondents.

James A. Clark, a defendant in the execution, was in possession of the premises by his tenant, Fizer, at the date of the plaintiff's purchase, at the date of her deed, at the date of the institution of this suit, and at the trial, and the plaintiffs are entitled to that possession which the defend-

ants·in the execution .had.. See *Matney v. Graham*, 59 Mo. 190; *Totten v. James*, 55 Mo. 494; *Boyd v. Jones*, 49 Mo. 202; *Peyton v. Rose*, 41 Mo. 257; *McDonald v. Snyder*, 27 Mo. 405. The defendant in the execution, Clark, could not set up an outstanding title in Cockerill; neither could Fizer, his tenant, set up such title in this action. See *Boyd v. Jones*, 49 Mo. 205; ·*Matney v. Graham*, 59 Mo. 190; *Laughlin v. Stone*, 5 Mo. 43. The back taxes for which the judgment was rendered, under which plaintiff purchased, were a prior lien on the land, (R. S., § 6832,) in favor of the State, the suit was to enforce it against the owner (§ 6837) and the trustee and all the *cestui què trusts* named in the mortgage from Clark were made defendants, and if the defendant, Cockerill, had a claim upon the land, it was secondary to the State's lien, and on¹y gave him a right to redeem, which he did not insist upon at the trial.

MARTIN, C.—This was an action in ejectment in the usual form, for eighty acres of land, and was commenced February 20th, 1880. James ·A. Clark was the common source of title. The plaintiff, Mary E. Stafford, claimed as purchaser at execution sale effected on the 30th of October, 1878. This sale was in pursuance of a judgment in a certain proceeding commenced on the 18th day of June, 1878, by the collector of Saline county, against James A. Clark, J. Y. Stearne, trustee, and Daniel White, guardian of W. E. White, the object of which was to enforce the lien of the State for taxes upon said land for the years 1868 to 1876, inclusive, amounting in the aggregate to $123.25, besides interest and costs.

The defendant, Fizer, had been in possession as tenant of Jas. A. Clark, but it is alleged in the answer that at the commencement of this suit he was tenant of H. Clay Cockerill. The defendants claim title by trustee's deed to H. Clay Cockerill, dated April, 1879, delivered in execution of the power of sale in a deed of trust made by said Jas. A. Clark in August, 1863, to J. Y. Stearne, as trustee, to

secure certain notes therein described, one payable to Daniel B. White, guardian of William E. White, in the sum of $8,635 ; one payable to John Y. Stearne in the sum of $4,-686.49, and a third payable " to the executors of the estate of Thomas N. Cockerill" in the sum of $1,300.   This deed of trust conveyed a great amount of other real property, as well as much personalty.   The trustee was vested with the power of sale upon default of payment of the debts secured.   It appeared that Henry Clay Cockerill was executor of Thomas N. Cockerill.   These facts were set up by the defendants in their answer by way of equitable defense, and they asked to be allowed to redeem the land by payment of the taxes for which it was sold.   The case was tried by the court without a jury; and upon the evidence it found that Fizer was, at the time of the judicial sale, in possession of the premises as tenant of Jas. A. Clark; that the title acquired by Mrs. Stafford at said sale was superior to the title of defendant, Cockerill, acquired at a sale under the deed of trust, and that she was entitled to possession of the land sued for.   The defendants have appealed.

The principal question for us to determine is, whether the deed of a purchaser at execution sale under a proceeding to enforce the State's lien for taxes, is good against the beneficiary of a deed of trust, antedating the origin of the tax lien, who has not been made a party to the proceedings to enforce it.   The record shows that the trustee and another beneficiary in the deed of trust were made parties to the tax lien suit, but that the executor of Cockerill, who held the note for $1,300 was not included in the suit.   The deed of trust was duly recorded, and no excuse for the omission is alleged in the petition or contained in the evidence.   The learned counsel for the plaintiffs maintain that the complete title to the land passed to the purchaser by virtue of the execution sale, and that the omission of the beneficiary in question could not affect its validity. The precise question here presented has never been passed upon by this court.   But the principles of law, as well as

the decisions of this court governing the enforcement of liens on real estate, ought to furnish a sufficient guide for us in determining it. It will be observed that we are dealing with two liens, one created by law in favor of the State which necessarily takes precedence of other prior, as well as subsequent liens, on account of its peculiar character; R. S. 1879, §§ 6831, 6832; *Blossom v. Van Court*, 34 Mo. 390; *McLaren v. Shieble*, 45 Mo. 130; *Dunlap v. Gallatin Co.*, 15 Ill. 7; *Almy v. Hunt*, 48 Ill. 45; *Binkert v. Wabash Co.*, 98 Ill. 205; the other in favor of creditors, created by the act of the debtor. These two liens have been foreclosed and the purchasers stand opposed to each other with deeds under the proceedings respectively employed for enforcing them. The lien of the State is the superior one, although subsequent in time, a superiority invariably accorded to it in absence of some legislative declaration to the contrary. *Cadmus v. Jackson*, 52 Penn. 295; *Doane v. Chittenden*, 25 Ga. 103; *Hopper v. Malleson*, 16 N. J. Eq. 382; *Cooper v. Corbin*, 105 Ill. 224. No system of jurisprudence would command respect which failed to maintain and enforce the benefits of this priority by all necessary and reasonable proceedings to that end. When real estate was encumbered with two mortgage liens, and the owner of the first undertook to enforce it by suit, he could proceed to judgment without making the owner of the second a party defendant. But, in doing so, he accepted the consequences of leaving him unaffected by the proceeding. The second mortgagee was not, perhaps, a necessary party to a decree of foreclosure. He was a proper party, and if he was omitted from the proceedings the decree could not operate as a divesture of his rights, 2 Jones on Mort., § 1394 (3rd Ed.); *Valentine v. Havener*, 20 Mo. 133; *Goodman v. White,* 26 Conn. 317. The second mortgagee holds a lien only on the equity of redemption, and a foreclosure of his lien gives to the purchaser under it, only the equity of redemption. As against a purchaser under proceedings foreclosing the prior mortgage, from which he has been omitted as a party,

he possesses the right to redeem the land by payment of the debt for which it was foreclosed. In a proper proceeding to enforce this equity of redemption, he may acquire the absolute title. He could not successfully resist an action at law for the possession, because the title under the superior lien is the superior title at law. *Valentine v. Havener*, 20 Mo. 133. But since law and equity have been blended, he can resist and overcome this title by setting up his equitable defense in the right to redeem, and paying for decree of redemption. If the holders of the deed of trust, which in this case constitutes the second lien, had been made parties to the proceedings to enforce the tax lien the subsequent foreclosure of the deed of trust would fail to vest in the purchaser any right of redemption. He would be concluded by the decree on the tax lien. The name of the beneficiary in the deed of trust was omitted from the tax lien suit. The name of the trustee was not in my judgment an equitable substitute. A trustee in a deed of trust, having no other power or right over the land beyond the mere power of sale, does not, in my judgment, represent the beneficiary in other matters relating to the land. He has nothing to do with the rents and profits, insurance, taxes or possession of the land. He has no right to hold or manage it in any way for the use of the beneficiary. As a nominal trustee, for the sole purpose of making a sale under the powers conferred on him, he was not a competent party to foreclose by suit without joining the beneficiary with him. *Davis v. Hemingway*, 29 Vt. 438 ; 2 Jones Mort., §§ 1384, 1397 (3rd Ed).

I do not find anything in the revenue act which relieves the collector from the operation of the general rule applying to the enforcement of liens, which requires the holder of the superior lien to make the owner of the junior or inferior incumbrance a party to the proceedings for enforcing the first lien, if he desires to divest him of his rights. Section 6837 provides, that all actions commenced under the provisions of chapter 145 shall be prosecuted in the

name of the State, at the relation, and to the use of the collector "and *against the owner of the property."* "And in case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions, affecting real or personal property. In all suits under this chapter, the general laws of the State, as to practice and proceedings in civil cases shall apply so far as applicable, and not contrary to this chapter." R. S. 1879, § 6837. I do not see how to escape the conclusion that a *cestui que trust*, in a deed of trust, is an owner within the meaning of this act, if his interest is to be affected by the proceeding authorized. Any other conclusion would lead to great injustice, and would be such a manifest departure from "the practice and proceedings in civil cases," as sanctioned by the general laws of the State, as to forbid our accepting it in the absence of some express declaration to that effect. The difficulty in ascertaining the actual ownership of deeds of trust on account of the absence of recorded assignments, cannot result in any material embarrassment to the collector in bringing suit, since the decisions of *Vance v. Corrigan*, 78 Mo. 94, and *State v. Stultz*, justify him in proceeding against the owner as apparent of record, when in ignorance of the actual owner. No such embarrassments could have arisen in this case, the *cestui que trust* remaining owner, as evidenced by the deed of record.

In applying the principles we have considered to the case at bar, it is apparent that Mrs. Stafford has the superior title at law. The resistance of it by the defendants in their answer, setting up the right of redemption was not supported by the evidence at the trial. The equitable defense was entirely abandoned and is admitted by counsel for defendants to have been abandoned. The defendants neither offered the money for redemption, or asked for time to produce it. Neither was there any ruling of the court prohibiting them from proving the requisite amount of indebtedness

to enable them to redeem. The equitable defense stands . in the pleading and the case was closed without the proof to make it available. Under this state of things the plaintiff with her deed emanating from the superior lien was entitled to possession, as against the defendants holding under the junior or inferior lien. I may add here that this conclusion is supported by two decisions of this court on kindred issues. In *Olmstead v. Tarsney*, 69 Mo. 396, Hough, J., giving the opinion, it was held that in a suit instituted to enforce the lien of a special tax bill which antedated a deed of trust, the rights of the owner of the deed of trust would not be affected by the suit, if he was omitted as a party to it; and that his rights of redemption would remain to him. In the case of *Corrigan v. Bell*, 73 Mo. 53, opinion by Norton, J., the plaintiff brought ejectment as purchaser under a special tax lien judgment. One of the defendants, as in this case, defended as purchaser under a deed of trust recorded before suit was commenced on the tax lien. She made the same equitable defense set up as in this case and offered to redeem as against the tax lien title. It was held that as the *cestui que trust* was not made a party to the suit enforcing the tax lien, although the trustee in the deed was included as a party, her rights remained unaffected by the proceeding, and that she could resist an action in ejectment by asking for the enforcement of her equity of redemption. It is true that these two decisions were rendered in carrying out the equity of an act which provided that persons interested in the land sought to be charged, who were not made defendants should not be affected by judgment obtained in any suit on the tax lien created by the act, nor by any sale under such judgment, " and that if they claimed through or under any parties defendant prior to suit brought they might redeem from the purchaser or otherwise assert their rights according to equity and good conscience.". This express reservation of their rights to parties interested in the land, who had been omitted in the proceeding to divest their interests is only

declaratory of the law which has always been recognized
in this State as governing the practice of enforcing liens
against realty. *Valentine v. Havener,* 20 Mo. 133 ; *Farwell
v. Murphy,* 2 Wis. 533 ; *Gower v. Winchester,* 33 Iowa 303 ;
*Gritchell v. Kreidler,* 12 Mo. App. 497. In the absence of
the express reservation contained in the act the conclusion
reached by the court in the cases cited would have been
the same. It could not have been otherwise without ap-
proving the repulsive practice of divesting a person of his
rights and estates in land by virtue of a proceeding which
omits both actual and constructive notice to him of its ex-
istence and progress. Whether the legislature has the
power under our constitution to authorize a proceeding
with such results need not be considered until it has clearly
done so. There is nothing in our present revenue act in-
dicating that they intended doing it in respect to tax liens.

In the course of the trial below, the defendants offered
in evidence an agreement between the parties to this and
other suits in which among other things it is stipulated that
the tenant, Fizer, who was claimed to be the tenant of
both parties, should remain in possession until March 1,
1880. This suit was commenced February 20, 1880, and it
was argued by defendants that it was prematurely brought
by about nine days. The object of the agreement was to
effect an amicable disposition of the crops and rents of the
property while the litigation of the title was in progress,
and to secure the *terre tenant* in possession for the remainder
of his year, whichever side succeeded in the controversy.
The agreement contained a provision to the effect that it
should " in no way interfere with or prejudice the rights
of the said Cockerill or Stafford in regard to the title to
said lands." The instrument was excluded by the court
on the ground that it was made with reference to the liti-
gation of the title and could not be invoked for the purpose
of prejudicing the rights of the parties in such litigation.
This ruling was correct. It is unnecessary to examine the
instructions of the court.

26—82

Upon the evidence and pleadings the plaintiff was clearly entitled to a judgment. Accordingly it is affirmed. All concur, except HOUGH, C. J., absent.