Myers, *Plaintiff in Error*, v. Bassett *et al.*

Land Title: SALE FOR TAXES. A sale under a judgment for taxes carries the legal title and if the beneficiary and trustee are not made parties to the suit, the purchaser acquires such legal title subject to the right of the beneficiary in the deed of trust to redeem.

*Error to Clinton Circuit Court.*—Hon. G. W. Dunn, Judge.

Reversed.

*J. M. Lowe* for plaintiff in error.

*T. E. Turney* for defendants in error.

Henry, C. J.—This is an action of ejectment for the recovery of the possession of the north half of the northeast quarter of section thirty-four, township fifty-seven, range thirty, in Clinton county, Missouri. This suit was originally instituted against Benj. F. and Mary

Bassett, but subsequently Loyd W. Brown, on his application, was made a co-defendant, and filed his separate answer setting out his title. The Bassetts filed a joint answer which was a general denial. On the trial, defendant obtained a judgment from which plaintiff has appealed. On the thirtieth day of April, 1880, the State of Missouri to the use of Davis, collector of the revenue of Clinton county, obtained a judgment against Mary and Benj. Bassett for delinquent state and county taxes assessed against said land for the years 1877 and 1878, which were declared to be a lien upon the land in controversy, and under an execution issued upon said judgment, it was purchased by, and conveyed to William F. Davis, who subsequently conveyed it to plaintiff. In 1873 Bassett and wife conveyed said land to Thomas E. Turner, as trustee, to secure two promissory notes therein described, and Brown's title is by purchase at a sale of said land under a judgment of the Clinton circuit court, enforcing said trust rendered on the 15th of April, 1878. Neither the trustee nor beneficiary in said deed of trust was made a party to the suit to enforce the tax lien.

In the cases of *Stafford v. Fizer*, 82 Mo. 393, and *Gitchell v. Kreidler, ante*, p. 472, it was held that the sale under a judgment for taxes carries the legal title, and that if the beneficiary and trustee in a deed of trust are not made parties to that suit, the purchaser at the sale, under such judgment acquires the legal title subject to the right of the beneficiary in the deed of trust to redeem. It follows, therefore, that the court erred in refusing plaintiff's instruction to the effect, that on the pleadings and evidence, plaintiff was entitled to the possession of the premises, and also erred in declaring that plaintiff, as against Brown, was not entitled to the possession of the land.

The judgment is reversed and the cause remanded. All concur.