## UNITED STATES v. CERTAIN LANDS IN JACKSON COUNTY, MO., et al.

### No. 4042.

District Court, W. D. Missouri, W. D.
Jan. 25, 1947.

Sam M. Wear, U. S. Atty., and Morgan M. Moulder, Sp. Asst. U. S. Atty., both of Kansas City, Mo., for plaintiff.

David M. Proctor, City Counselor, and Benjamin M. Powers, Asst. City Counselor, both of Kansas City, Mo., for defendant Kansas City, Mo.

RIDGE, District Judge.

The United States of America commenced an action in this Court to acquire by condemnation the fee simple title to certain real property located within the city limits of Kansas City, Missouri, as a site for the construction and erection of a Veterans' Hospital Facility. Declaration of taking, pursuant to Title 40 U.S.C.A. 258a, was contained in the petition filed in said action. Contemporaneous with the filing of said petition, the sum of $19,750 was paid into the Registry of this Court as just compensation for the lands to be taken, as estimated by the acquiring authority; said sum being allocated as to each parcel of land separately described in said petition and declaration of taking, in accordance to the title ownership of the property involved. On the date said petition and declaration of taking were filed, this Court entered judgment vesting the fee simple title in and to the lands in question in the United States of America.

Partial distribution of the funds paid into the Registry of this Court, as above stated, has heretofore been made to certain of the owners of parcels of said land. As to Parcel 19, owned in fee simple title by one Pasquale Puzzo, a motion for determination of taxes claimed for the year 1946 by Kansas City, Missouri, against the fund deposited in Court as just compensation for the taking of that parcel of land, and for a final order of distribution of said fund, is now before the Court for determination. A decision of said motion rests upon the following propositions: (a) Was the amount of tax claimed by Kansas City, Missouri, a lien upon the property in question at the time of the taking thereof by the Government, or did such tax become a lien on said property after title thereto was vested in fee simple in the Government; (b) If the former, is the City entitled to be paid the full amount of said tax out of the funds in the Registry of this Court or only a portion thereof, prorated as of the date the title to the property involved was acquired by the Government. It is conceded by the parties that if the tax in question was a lien on the real estate at the time title was acquired by the Government, then the City is entitled to participate in a distribution of said fund; that the only question then remaining would be to what extent should the City so participate. An answer to this

latter question has, we think, recently been given by the Eighth Circuit Court of Appeals, in the case of Collector of Revenue Within and for the City of St. Louis, Missouri, v. Ford Motor Company, 158 F.2d 354. There the Eighth Circuit Court of Appeals held that it is "clear that under the statutes of Missouri and the decisions of its appellate courts, (that) tax liens in Missouri (once having vested) may not be prorated or apportioned even though a tax-immune authority has acquired the property." Although we are here concerned with a tax levied by Kansas City, Missouri, pursuant to its Charter powers, and the Eighth Circuit Court of Appeals in the Ford Motor Company case, supra, had under consideration the general tax laws of the state of Missouri, yet as we hereafter point out, the determination of the proposition of prorating tax liens under the Charter of Kansas City, Missouri, and the general statutes of Missouri, rests upon the identical principle of law as declared by the Eighth Circuit Court of Appeals in the case above cited.

The petition and declaration of taking in the instant action were filed, and judgment vesting title in the United States of America was entered, on April 9, 1946. The ordinance levying the tax claimed was not passed by the Council of Kansas City, Missouri, until on the 15th day of April, 1946; six days after title to the property in question vested in the Government. As to whether such tax was a lien on the real estate involved, prior to the time title thereto was acquired by the Government, depends upon a construction of the Charter and Ordinances of Kansas City, Missouri, relating to taxation, and a consideration of the case law of the State of Missouri respecting tax liens.

In Collector of Revenue, etc., v. Ford Motor Co., supra, it is said:

"In Missouri the lien for taxes does not accrue and become a fixed encumbrance until the amount of the tax has been determined by an annual assessment of the land and an annual levy of the tax."

The Court then cites as authority for such statement of the law of Missouri a decision of the Supreme Court of that State, in McAnally v. Little River Drainage Dist., 325 Mo. 348, 28 S.W.2d 650, 651. In the McAnally case, the Supreme Court of Missouri had under consideration a tax, not levied by the State of Missouri but one levied by a Drainage District under special statutory authority conferred by the Legislature of said State on such Drainage District. As stated in the opinion in the McAnally case, "The question (there involved concerned) the construction of sections of the statute authorizing the organization of drainage districts by circuit courts." The statute, § 4399, R.S. Mo. 1919, now § 12345, R.S. Mo. 1939, Mo. R.S.A., under which the tax was levied by the Drainage District and considered by the Court in the McAnally case, supra, 28 S.W.2d at page 651 of the opinion, by its terms, created a lien in favor of the district for taxes levied by it "from date of filing the certificate" provided for in said statute "in the office of the recorder of deeds for the county wherein the lands and properties are situate" and such lien was made subordinate to "the lien of the state for general state, county, school and road taxes." In the course of the opinion in the McAnally case, supra, the Court makes reference to Section 12757, R.S. Mo. 1919, now § 10941, R.S. Mo., 1939, Mo. R.S.A., a general statute of the State of Missouri making all real estate, privately owned, in said State liable for taxes, but it is manifest from a reading of said opinion that the Supreme Court of said State did not undertake to construe said statute in said opinion, or any other general taxing statutes of the State of Missouri. Neither did the Supreme Court of Missouri, in the McAnally opinion, refer to, or consider, any previous decisions of said Court specifically construing certain general tax statutes of the State of Missouri.

We make the foregoing observations so as to distinguish the ruling hereinafter made from decisions of courts not of the State of Missouri, concerning the time when tax liens in said State vest. Under the mandate of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are bound to apply the law of the State of Missouri, as declared by its Legislature in a statute, or in

decisions by its highest court concerning a given subject.

In Blossom v. Van Court, 34 Mo. 390, 86 Am. Dec. 114, the Supreme Court of Missouri had under consideration a general statute of said State, concerning revenue, which read as follows:

"Every assessor shall commence on the first day of February in each year, during his continuance in office, and go through all parts of the county or subdivision of the county in which he is the assessor, and require every person who shall have owned, or shall have had the charge or management of, any property on the said first day of February in each year, taxable by law, * * * to deliver to him a written list of the same," etc.

In construing said statute, the Court said:

"The section above quoted appears to fix definitely that the tax should be assessed against the person who was on the first day of February the owner of the property, thus fixing his liability on that day, *and charging the property with it as an encumbrance, (although the amount of the encumbrance is not ascertained until afterwards.)* The defendant having conveyed the land on the eleventh day of February, was liable for the taxes assessed against the property on the first day of that month." (Emphasis supplied.)

In McLaren v. Sheble, 45 Mo. 130, suit was brought upon a covenant of sale to recover the amount of state and county taxes assessed against certain real property for the fiscal year 1866–67 by the State of Missouri. No actual assessment of the property for the year 1866 had been made at the date of the sale and transfer thereof. The assessment, however, was subsequently made in accordance with the statute of said state, in the name of defendant as being the owner of said property on the first Monday in September of that year. The Court stated the proposition for decision thus: "Did the lien of the tax imposed by virtue of the assessment take effect by relation from that date. That is the only question presented for consideration." Following the rule laid down in Blossom v. Van Court, supra, the Court said: "that case, as already observed, decides that a tax lien takes effect

and becomes an encumbrance from the inception of the assessment. An adoption of the principle of that decision involves an affirmance of the judgment," allowing recovery of the taxes so assessed.

The statute law considered in the above cases is different from the present tax laws of the State of Missouri, but we believe they are indicative of the policy of said State regarding the time of vesting of tax liens.

In State ex rel. and to Use of Waddell v. Johnson et al., 316 Mo. 21, 296 S.W. 806, 808, the question arose whether certain taxes levied by the State of Missouri for school purposes were legally assessed and collectible. After determining that such taxes were legally assessed, the Supreme Court of Missouri then considered whether they were collectible, the school district for which such taxes were raised having in the interim been dissolved. The Court, in disposing of that question, said:

"It is contended this suit, having been commenced after the disorganization of the district, (that fact) should take this case out of the general rule. (The general rule being that the organization of the school district could not be questioned in a suit for school taxes.) The time the suit was brought does not fix the liability in this case. The court in disorganizing the district did not invalidate the prior acts of its officers, but enjoined them from further action by them. The taxes are levied and collected by the state. All real estate is subject to taxation for school purposes. Section 11183, R.S.Mo., 1919 [Mo.R.S.A. § 10395]. The taxes in question became due and payable in 1920 and 1921, based on assessments of 1919 and 1920, and became a lien in favor of the state upon the land of appellants as of the 1st day of June, 1919 and 1920. Sections 12756 and 12757 R.S. [Mo.] 1919 [Mo.R.S.A. §§ 10940, 10941]." (Parentheses added.)

The cause of action stated in the petition in the Waddell case, supra, was a "statutory action, in rem, to enforce the lien of the state (for taxes assessed) against the lands of the appellants." The expression of the Court concerning the time when the lien of the state for taxes there considered

became vested, appears to have been essential to the decision of said case. The Court was there called upon to enforce a lien for taxes. The time of vestiture of a lien is manifestly necessary to the enforcement of the lien. Even if such expression was not necessary to the decision of that case (and we do not say that it was not necessary) it is at least judicial dicta. It appears from a reading of said opinion that such statement was provoked by the points raised in the case, that the Court deliberately made such statement, and that it was to be a guide-post for other cases. (Manifestly there were other tax liens, on other property, that would be affected by said ruling, other than the one lien there considered.) Although not essential to the disposition of a case, judicial dictum, as distinguished from obiter dictum, becomes an authoritative statement when it is expressly declared by a court and announced as a guide for future conduct. 21 C.J.S., Courts, § 190, p. 316. The Waddell case, supra, is the only decision of the highest court of the State of Missouri which we find by our research that tends toward a construction of the present general revenue laws of said State, as to the time when a lien for state taxes vests. We believe that it is such an authority of said State as to be controlling on this Court, when a construction of said State's revenue laws is sought.

The scheme for the taxation of real property in the State of Missouri, excluding the time when a lien for taxes vests, is fairly set forth in the case of State ex rel. Flaugh v. Jaudon, 286 Mo. 181, 227 S.W. 48. So far as here pertinent, such real estate is assessed as of the first day of June of each year. Sec. 10950–10970, R.S.Mo.1939, Mo. R.S.A. Every person owning or holding such property on said date is made "Liable for taxes thereon for the ensuing year." Sec. 10940, R.S.Mo.1939, Mo.R.S.A. By Section 10941, R.S.Mo.1939, Mo.R.S.A., "a lien is * * * vested in favor of the state (on) all real property for all taxes thereon" and said lien continues "in force until all taxes" are fully paid. The present scheme for taxation of real property in said State is not materially different from that considered by the Court in Blossom v. Van Court and the McLaren cases, supra.

In view of the decisions in those cases, and the Waddell case, supra, we believe that under the statutes, and case law of the State of Missouri it is the policy of said State, that a lien for taxes accrues as of the date the owner of real property in said State becomes liable therefor. Such accrual of tax liens, though the amount of the tax is not determined at the vestiture thereof, is not repugnant to the Federal Constitution, or any laws of the State of Missouri. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327.

It has been necessary in our opinion to determine the policy of the State of Missouri, concerning the vestiture of tax liens under the general revenue laws of said State, before considering the Charter provisions and ordinances of Kansas City, Missouri, under which the taxes here involved were levied and assessed. The Charter provisions of Kansas City, Missouri, pertinent to the instant question, have not been construed, in any recorded opinion, by the courts of Missouri. The scheme of taxation followed by said municipality is consonant with and in all material features follows the scheme adopted by the State for the same purpose.

Kansas City, Missouri, derives its Charter from Section 16, Article IX, Constitution of Missouri, Mo.R.S.A. The Charter of said City presents a complete system of local self-government, and the provisions thereof, so long as they are not inconsistent to the Constitution and laws of the State of Missouri, supersede statutory provisions for the government of the City. McGhee v. Walsh, 249 Mo. 266, 155 S.W. 445; Kansas City v. Marsh Oil Co., 140 Mo. 458, 41 S.W. 943; Mullins v. Kansas City, 268 Mo. 444, 188 S.W. 193. Said City is not, however, a political subdivision of the State of Missouri. Kansas City v. Neal, 122 Mo. 232, 26 S.W. 695.

Article XII of the Charter of Kansas City provides for the assessment and taxation of property. Section 370 of said article requires "all property within the jurisdiction of the City subject to taxation under the Constitution and laws of the State (of Missouri) both real and personal * * * (to) be included in the as-

570

sessment, equalization, levy, extension of the tax levy and collection of the City taxes." By Section 371 thereof, power is delegated to the Council of said City "to provide by ordinance for the assessment, equalization, levy, extension of the tax levy and the collection and enforcement of City taxes, and assessments, general and special." Said section also authorizes the Council to "provide by ordinance for the time and manner of the assessment, equalization, extension and collection of such taxes and assessments by City officers." Taxes and assessments upon real property provided for in said Charter are "declared a perpetual lien thereon against all persons." Section 382, Charter of Kansas City. In suits for the collection of taxes which are a lien upon any specific property under said Charter, the judgment is required to be "that the amount found due shall be levied on the real estate or property upon which the tax is a lien" and that "no personal judgment shall be rendered" against the owner of such property or the person liable for such tax. Section 384.

Section 84 of the Charter of said City provides that "the fiscal year of the City shall begin with the first day of May and end with the thirtieth day of April next following." Section 87 thereof requires appropriation ordinances to be passed by the Council of said City "not later than the third Monday in April or as soon as possible thereafter." Appropriation ordinances are by said section of the Charter required to "contain a statement of the estimated revenues for the ensuing fiscal year" and the Council of said City cannot appropriate funds in excess of the annual estimated revenue. "Whenever practicable, ordinances fixing the tax levies" are required to "be passed at the time the annual appropriation ordinance is passed" but such tax levy ordinances must be passed "not later than the third Monday in April."

There is no Charter provision of said City defining a tax year, but by ordinance passed pursuant to Section 371, supra, of the Charter of said City, it is provided: "Every person owning or holding property subject to taxation for municipal purposes on the first day of January of any calendar year, including all property purchased on that day, shall be liable for taxes thereon for the fiscal year beginning with the first day of May thereafter." See Section 56—1, Revised Ordinances of Kansas City, 1941.

The scheme for taxing property for city purposes under the Charter of Kansas City, Missouri, is for all practical purposes the same as that used for raising revenue by the State. The person owning property on a given date is made liable for the tax assessed against such property. A perpetual lien for taxes is created in favor of the city, until they are paid. In actions instituted for the collection of taxes, the owner or person liable therefor is to be made a party to the suit. Charter #383. In such actions, no personal judgment is obtained against the owner, or person liable, for the tax, but the judgment is required to be that the amount of the tax be levied on the real estate or property upon which the tax is a lien. If the city cannot obtain a personal judgment against the owner or person liable for the tax, on the taxing date (i. e. the date on which the property is to be valued and assessed) then manifestly a lien for such tax must accrue as of that date. Otherwise, under such scheme of taxation, no action could be maintained to recover such tax against a subsequent owner. Suits brought for the collection of taxes are instituted against the person liable for the tax; and, as stated in the Waddell case, supra, such cause of action is a statutory action in rem, to enforce the lien for taxes. The time when such a lien accrues and the date on which the person liable for the payment of the tax under such scheme must be the same. If the lien does not accrue until the amount of the tax is ascertained, as here contended, then a person liable for the tax could defeat the lien of the city, by alienating his ownership of such property, between the taxing date and the ascertainment of the tax. Such a situation developing would destroy the life-blood of such government. No such result was intended by the framers of the Charter of Kansas City, Missouri. The purpose of the scheme of taxation for said city, in designating a date on which the owner of the property is to be liable for taxes, for a fiscal year, beginning after such date, is to make known

to those charged with the duty of administering such city's government the amount of revenue that would be available for such purposes, during the ensuing fiscal year. The Council of Kansas City, Missouri, is by Charter provision, (Art. IV thereof) prohibited from annually appropriating funds, for city purposes, beyond the general revenue receipts of the city, estimated for the ensuing fiscal year. Under such circumstances, it is necessary for the Council of said City to know with reasonable certainty the amount of revenue that will be available for appropriation, prior to the beginning of the fiscal year; as annual appropriation ordinances of said City are by Charter required to be passed before the beginning of such fiscal year. Reasonable certainty in that respect can only be determined by accruing to the City a lien for its taxes as of January first of each year. This we think was the intent of the framers of the Charter of said City from the foregoing Charter provisions and ordinances passed pursuant thereto. See Jasper Land & Imp. Co. v. Kansas City, 293 Mo. 674, 239 S.W. 864. Such scheme is in accordance with the statute and case law of Missouri concerning a relative subject.

In the case at bar the owners of the property in question had the use and enjoyment of property located in said city during a portion of the tax year of 1946 (from January 1st to April 9th when the Government became vested with the title thereto.) During the time of that enjoyment, the lien for city taxes, during such tax year, accrued as a lien against said property, to-wit, on January 1, 1946. The City is entitled to be paid the full amount of that lien. Collector, etc., v. Ford Motor Co., supra; United States v. Certain Parcels of Land in Philadelphia, 3 Cir., 130 F.2d 782. The fund paid into the Registry of this Court, as just compensation for the taking of said property, stands in lieu of the property taken, and is subject to all prior liens attaching to said property. Under such circumstances, the City of Kansas City is entitled to be paid the full amount of its lien claim for taxes out of said fund.

In view of the foregoing, the claim for 1946 taxes, filed by Kansas City, Missouri, in the sum of $13.81, and claimed as a lien against Parcel 19, in this proceeding, is sustained. The Clerk of this Court is directed to pay to Kansas City, Missouri, the amount of said lien out of the fund now on deposit in the Registry of this Court, as just compensation for the taking of the aforesaid parcel of land by the Government. The balance of such deposit is to be disbursed to Pasquale Puzzo, or on his order.

It is so ordered.