| | |
|---|---|
| 90 | 683 |
| 32a | 559 |
| 90 | 683 |
| 111 | 215 |
| 90 | 683 |
| 125 | 433 |

</div>

STAMPER, *Appellant*, v. ROBERTS, *Collector, et al.*

**Schools and School Districts**: FORMATION OF NEW DISTRICT: TAXES : INJUNCTION : LACHES.  Where the petition and notices of election for the purpose of forming a new school district included within such district complainant's residence and one hundred and sixty-four acres of his land, but at the school meeting, which complainant did not attend, the proposition was amended and the district formed so as to include only his house and seven acres of his land, he cannot, after the district has existed as a *de facto* district for four years, and he has paid school taxes therein for that length of time, although under protest, enjoin the collection of such taxes, upon the ground that the district was never legally organized.  He has, by his laches, allowed a condition of things to exist for four years which would make it inequitable to grant such relief.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Thos. B. Reed* for appellant.

(1)  The court erred in refusing to grant the injunction and in dismissing complainant's bill.  Our statutes

make school districts corporations with limited powers, and in the formation of such statutory corporations the laws of their creation must be closely followed, and such acts strictly construed. *Ohio, etc., v. The Treasurer of Lib. Tp.*, 22 Ohio, 144; *The Dist., etc., v. The Dist. of Burr Oak*, 34 Iowa, 306, and cases there cited; 32 N. H. 118; 8 Foster, 58, 61; 10 Foster, 305; 11 Foster, 304; 31 Ga. 225. (2) Section 7023, Revised Statutes, 1879, makes it obligatory ("shall") upon the directors of each school district, on receipt of the proper petition, to "post notices of such desired change in at least three (this has been changed to five) public places in each district interested twenty days prior to the time of the annual school meeting." The sixth subdivision of section 7031, together with the first clause of that section, is as follows: "Section 7031. The qualified voters assembled at the annual meeting shall have power to decide in favor of or against any proposed change of boundaries, notice of such change having been posted in at least five public places in each district affected thereby twenty days previous to the date of holding the annual meeting." This section has been construed by our Supreme Court. *State ex rel. Schmutzler et al. v. Young*, 84 Mo. 90. "The warrant of authority for the vote therein at the annual meeting is the proposition for the change posted by the school directors." No notice having been posted for the change voted on, there was no authority in law for the vote taken on the sixth day of April, 1880, and the same was, therefore, of no force and effect. *State ex rel. School District No. 6 v. Riley*, 85 Mo. 156; *Perryman v. Bethune*, 89 Mo. 158. Injunction is the proper remedy. *Overall v. Ruenzi*, 67 Mo. 203; *State ex rel. Brown v. Railroad*, 83 Mo. 395.

*T. P. Kimbrough* and *W. T. Austin* for respondents.

(1) Where there is any evidence to sustain a ver-

dict the testimony will not be weighed by the Supreme Court. *Carver v. Thornhill*, 53 Mo. 283; *Brown v. Railroad*, 50 Mo. 461. (2) The motion for new trial fails to make specifications of reasons upon which it is founded. R. S., sec. 3557; *Fox v. Young*, 22 Mo. 386. (3) The appeal was not asked nor granted until the September term, 1884, one term after the judgment was rendered, and the affidavit for appeal was made at the same term, which could not be done. R. S., sec. 3712; *Stavely v. Kunkel*, 29 Mo. 422; *State ex rel. v. Keuchler*, 83 Mo. 193; *Brown v. Railroad*, 83 Mo. 478; *Randolph v. Mauck*, 78 Mo. 468; *Lengle v. Smith*, 48 Mo. 276; *Clelland v. Shaw*, 51 Mo. 440; *McPike v. Pew*, 48 Mo. 525. (4) The court did not err in refusing to grant the injunction and in dismissing the bill. *Sayer v. Thompkins*, 23 Mo. 443; *Lockwood v. St. Louis*, 24 Mo. 20; *Leslie v. St. Louis*, 47 Mo. 474; *Barrow v. Davis*, 46 Mo. 394. (5) Injunction will lie to prevent threatened illegal action, or the threatened doing of an unauthorized act or thing, but is not the proper remedy for relief against the assessment and levy of a school tax, the assessment and levy of which is illegal and void. (6) Revised Statutes, section 2722, does not authorize resort to injunction in this case. (7) Complainant should have acted in the matter promptly. No community should be deprived of a school for four years. *Sayre v. Thompkins*, 23 Mo. 446; *Stevens v. Newcomb*, 4 Denio, 438. (8) Appellant is not injured by leaving all of his lands except seven acres in the old district. (9) The school meeting had a right to make the boundary less than called for in notice, but not greater. The greater includes the less. Conceding that the assessment and levy of the tax was illegal and void, as appellant's petition alleges, a court of equity would not interpose. *McPike v. Pew*, 48 Mo. 525; *Railroad v. Reynolds*, 89 Mo. 146. Appellant's petition alleges that he paid his taxes in new school district under

protest. This is of no avail to appellant. He should. have refused to pay.

NORTON, C. J.—This is a proceeding by injunction to restrain the collection of a school tax for school dis trict number 5, township 54, ranges 15 and 16, in Randolph county, on the ground that said school district was never legally organized, and that there is, in fact, no such school district. Notice was given that the petition would be presented to the Randolph circuit court on the twenty-ninth of March, 1884. Defendant appeared and the cause was submitted to the court on. the petition, and the bill was dismissed and final judgment rendered against plaintiff for costs, from which he prosecutes his appeal to this court.

It appears from complainant's bill that on the twelfth of March, 1880, a petition was presented to the school directors of district number 4, township 54, range 16, saying that the petitioners wished to form a new district out of territory to be taken from school district number 4, township 54, range 16, and from school district number 2, township 54, range 15. This petition set forth with particularity the territory to be taken from said districts numbered 4 and 2; on the reception of the petition said directors had notices of election for said purpose posted as required by law, in exact conformity with said petition, the boundaries of the contemplated new district being described in said notices exactly as in the petition; that the boundaries as described in said petition and notices embraced one hundred and sixty-four acres of land of plaintiff on which he then resided and now resides, and that one McCrary also owned and now owns two hundred and sixteen acres of land within said boundaries. It also appears that, at the annual meeting of said school district number 4, held in April, 1880, when the proposition to form a new district came up to be acted upon, an amendment was made, changing

the proposed boundaries without any further notice to plaintiff, who was not present at said meeting, so as to include only his dwelling house and seven acres of his land in the proposed new district, leaving his barn, stables and one hundred and fifty-seven acres of his land in district number 4, and so as to include only fifty acres of said McCrary's land in the proposed district, leaving the rest of his farm, one hundred and sixty-six acres, in said district number 4; that the original proposition, as thus amended, was voted upon and declared adopted, and said new district organized. It further appears that plaintiff paid the school taxes thereafter assessed against him for said new district (but paid the same, as alleged, under protest) till the institution of this suit in 1884.

It is contended by counsel that under sections 7023 and 7031, Revised Statutes, the voters, when assembled at the annual meeting, were confined to the proposition of creating the new district out of the exact territory, as described in the petition and notices, and that, as they did not do so, but changed the boundary in the particulars above stated, the whole proceeding is void. According to the petition and notices it was proposed to include one hundred and sixty-four acres of the plaintiff's land in the new district; according to the change or amendment made, all of the land was not included, but only seven acres of it, and it is the change thus made upon which the above contention is based. Conceding, for the purposes of this case, without determining the question, that the change thus made was irregular and in excess of the powers conferred, the question still remains whether, under the facts of the case, a court of equity should interpose its injunctive and restraining process. The proceedings to establish this new district occurred in April, 1880; this suit, assailing its validity, was brought in 1884. In the meantime the new district was, in fact, organized, and has remained so organized, unchallenged by plaintiff, except so far as his protest

when paying school taxes assessed against him may be regarded as challenging it. In view of these facts, and the further fact that, during an interval of four years, the *de facto* existence of the district was recognized and parties interested have adapted themselves to the changed condition of things, presumably for school purposes, and incurring expenses necessarily incidental to conducting a school, we are fully justified in affirming the judgment of the circuit court on the ground, if on no other, that plaintiff, by his laches, has allowed a condition of things to exist for four years which would make it inequitable to grant the relief prayed for. *Landrum v. Union Bank*, 63 Mo. 48; *Kitchen v. Railroad*, 69 Mo. 224; *Bradshaw v. Yates*, 67 Mo. 221.

Judgment affirmed, in which all concur, except Brace, J., absent.