THOMAS CRUM *et al.*, Appellants, v. W. S. HATHAWAY *et al.*, Respondents.

Kansas City Court of Appeals, December 10, 1888.

Case Adjudged. The court, upon the statement of the case appearing in the report, holds that, conceding the proceedings taken in the change of the school-house site, and for building the new schoolhouse, were not in accordance with the statute in such cases, it must nevertheless affirm the judgment dismissing plaintiffs' bill on the ground of laches in demanding relief. (*Stamper v. Roberts*, 90 Mo. 683).

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

Statement of case by the court.

A schoolhouse was built in the Eller school district and was used exclusively for school purposes for thirteen years or more, when it was torn down or moved away and a new schoolhouse built in the west end of

the district further from the center and beyond the easy reach of the children living in the east end. At an annual school meeting held in April, 1882, a vote was taken under a notice previously given for locating a school-house site in said district; less than one-half of the voters of said district voted in favor of locating a site, but a majority of those present did vote therefor, fixing the site where the new schoolhouse was afterwards built. At the annual meeting there were promises of some kind made by the citizens living in the neighborhood of the place where the new schoolhouse was built by which some of those in attendance were induced to vote for the proposition. The new schoolhouse was built by certain citizens living in the neighborhood thereof at their own expense, and the title taken to the district for one acre of land so long as it should be used for school purposes; the deed providing that in case the land should cease to be used for school purposes it should become the property of the persons who built the house, free from any claim of the district. The new schoolhouse was built in the spring of 1883. The citizens who could receive no advantage of the school fund or taxes collected from the district, finding that no provision would be made for them, became dissatisfied, and at the annual meetings held in 1883, 1884, 1885, 1886 and 1887, made efforts to have the schoolhouse rebuilt on the old site, and to have a new site fixed upon. They attended all the school meetings, knew schools were held in the new schoolhouse, and paid their taxes regularly from the time the house was removed. Plaintiffs commenced their suit September 12, 1887, to enjoin the directors from having school taught in that house, and from paying the teacher out of the public funds of the district. Upon final hearing, the court held, that while the new schoolhouse was built without authority of law, plaintiffs were not entitled to relief on account of the length of time they had delayed instituting their suit. Plaintiffs' bill was dismissed, and after an unsuccessful motion for a new trial, they appealed to this court.

*G. B. Macfarlane*, for the appellants.

( 1 ) The action of the school meeting was not in conformity to the law. There is no provision for locating a schoolhouse except in districts newly formed, or where a school-house site has not been selected. Laws of Mo. 1881, p. 199. If the district has a schoolhouse, then the action of the meeting must be to remove the school-house site, and notice of the intention to do so must be given. A majority vote is sufficient to select a school-house site, but two-thirds of the voters of the district must vote to change the site further from the center of the district. Acts of 1881, p. 209. The requirements of the statute were not complied with and the action of the meeting was void. *State v. Riley*, 85 Mo. 156 ; *Schmetzler v. Young*, 84 Mo. 90 ; *Shattock v. Phillips*, 78 Mo. 80 ; *Seibert v. Botts*, 57 Mo. 430. ( 2 ) There was no such delay in commencing the suit as should, in equity, deprive appellants of relief. There was no acquiescence in the action of the board ; on the contrary, at every annual meeting efforts were made to obtain relief from the district ; and they apply to the court as soon as they find other means unavailing. The payment of taxes and attending the school meetings could not be construed into an approval of the action of the board. That was simply performing a public duty and not recognizing the location of the schoolhouse ( 3 ) There is no analogy between the facts in this case and the case of *Stamper v. Roberts*, 90 Mo. 686, upon the authority of which the case was decided in the circuit court. In that case a new district had been formed. The records kept by the county clerk (sec. 7021) had been made to conform to the new order ; the lines of the other districts had necessarily been changed. The rights of the people to the school fund, and the benefits of the public schools depended upon maintaining the validity of the proceedings organizing the new district. In the case at bar, no one is injuriously affected by annulling the illegal and selfish action of the board in removing the schoolhouse to their own neighborhood and for their

private convenience. According to the terms of their deed the house reverts to them when not used for public school purposes. (4) The old house was not removed nor the new one built until the spring of 1883, and this suit was commenced in September, 1887, less than five years thereafter. Nothing short of the legal bar of the statute of limitations should deprive these parties of the most valuable public right of the people—the right of the benefits of the public schools. There should be no bar in such a case, a, deprivation of school of any year being a new and independent wrong. No rule can be established fixing a bar in equity cases. Each case must be governed by its own facts, and the question is, will it be equitable to others to grant the relief. 2 Pom. Eq., sec. 817.

*W. W. Fry*, for the respondent.

(1) This district had no school-house site in April, 1882. It had not purchased and did not own a site. The district must purchase and own a site. Laws of Mo. 1881, sec. 1. (2) If the object was to change the site, the proceedings were sufficiently regular and met the requirements of the statute. Parol evidence of the proceedings of the meeting of 1882 was improper. The record was the only proper evidence of the vote. Dill. Mun. Corp. [3 Ed.] sec. 299 ; *Johnson v. School Dist.*, 67 Mo. 319. (3) For over five years plaintiffs have allowed a condition of things to exist which would make it inequitable to grant such relief as prayed. *Stamper v. Roberts*, 90 Mo. 683; *Kline v. Vogel*, 90 Mo. 247 ; *Landrum v. Bank*, 63 Mo. 56 ; *Bliss v. Prichard*, 67 Mo. 181 ; *School Dist. v. Everett*, 52 Mich. 314 ; *Badger v. Badger*, 2 Wall. [U. S.] 94. (4) This is a much stronger case than *Stamper v. Roberts, supra*, which is decisive of this case. Plaintiffs were present in April, 1882, when the new site was selected and an order was made to purchase a new site and sell the old house and use the proceeds in erecting a building on the new site. The same year the old house

was advertised for sale, sold at auction and the house removed and possession of the old site surrendered. If plaintiffs prevail herein, then the district has neither a school building nor a school-house site. It cannot regain possession of the old site, for it never owned it. In March, 1883, a new site was purchased and deeded to the district and a house built and the proceeds of the old one invested therein. The school has been since maintained therein and the plaintiffs have paid their taxes for the same. The efforts of the plaintiffs at the annual meetings to move the new site (under Acts 1881, p. 209) were admissions that that was the true site. This is not a controversy between the plaintiffs and the board of 1882, but it is the district six years later that is interested. Plaintiffs are not injured. The district owns its site, has a new building, it is on a public road and only a little further from the centre of the district than the old one. If defendants prevail the controversy is ended and a majority of the voters can at any time move the site nearer the center. Acts 1881, p. 199. (5) The doctrine of laches may be applied within the time fixed as a bar by statutes of limitation. *Kline v. Vogel*, 90 Mo. 247. (6) The deed to the site and building "during the time it is used for school purposes" is in perpetuity at the will of the lessee, and operates as a bargain and sale and conveys a base or determinable fee. *School District v. Everett*, 52 Mich. 314.

ELLISON, P. J.—Conceding that the proceedings taken for the change of the school-house site and for building the new schoolhouse were not in accordance with the statute in such cases, we must, nevertheless, affirm the judgment dismissing plaintiffs' bill on the ground of laches in demanding relief. We make this ruling under the authority of the case of *Stamper v. Roberts*, 90 Mo. 683, by which we are bound, where an interval of four years was held to be sufficient laches to disallow relief, in a case sufficiently like this to be of controlling authority.

The judgment is therefore affirmed.    All concur.