| 96 | 165 |
| 96 | 675 |
| 96 | 165 |
| 102 | 659 |
| 96 | 165 |
| 105 | 615 |
| 96 | 165 |
| f158 | 585 |
| 96 | 165 |
| 167 | 21 |

### THE STATE v. FULLER, *Appellant.*

1. **Corporate Capacity, How Questioned** : ASSAULT WITH INTENT TO KILL. The corporate capacity of a city cannot be questioned in a collateral proceeding ; for example, in a prosecution for assault with intent to kill the marshal of a city of the fourth class, the defendant cannot interpose the defense that such city was not legally incorporated.

2. **Criminal Law** : VIOLATION OF CITY ORDINANCE : ARREST. A police officer of a city has the right to arrest, on view, for a violation of an ordinance of the city.

3. ———— : ARREST : SELF-DEFENSE. In the prosecution of a defendant for shooting a city marshal with intent to kill, while the latter was attempting his arrest, an instruction invoking the doctrine of self-defense which ignores the fact that defendant was, at the time, resisting arrest is properly refused.

4. ———— : ————. An officer in making an arrest should use no unnecessary violence ; but it being his duty to make the arrest, the law clothes him with power to accomplish that result, and it is his duty to overcome all resistance and bring the party to be arrested under physical restraint, and the means he may use must be co-extensive with that duty.

( 165 )

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Rathburn, Travers & Rathburn* for appellant.

*B. G. Boone*, Attorney General, for the State.

The transcript discloses no ruling as to the evidence prejudicial to defendant. Errors not prejudicial will not warrant reversal. *State v. O'Gorman*, 68 Mo. 179. The instructions given by the court fairly and fully presented the law of the case under the evidence, and instructions asked by defendant were therefore properly refused. *State v. Smith*, 80 Mo. 516.

BLACK, J.—The defendant stands convicted of an assault with intent to kill, without malice aforethought, L. D. Howard, who was the deputy marshal of Ash Grove, a city of the fourth class. It appears that defendant was intoxicated, boisterous, and handled a gun which he had so carelessly as to be dangerous to persons on the streets. He defied the power of the marshal to arrest him. The marshal refrained from making an arrest for the moment, as defendant's comrades undertook to get him out of town, but defendant got into a scuffle with them, during which he had in his hand an open knife. The marshal then undertook to arrest him for a violation of the ordinances of the city, whereupon he drew his knife in resistance of the arrest. The marshal hit him once with a pistol, and was about to strike the second time, when the pistol fell to the ground. Defendant picked it up and shot at the marshal twice; the last shot was fired while the marshal was on the retreat, the ball taking effect in his arm. There is some evidence tending to show that the officer used more force than was necessary to accomplish the arrest.

Ash Grove was incorporated by an order of the county court made in 1871, under chapter 41, title 15, General Statutes of 1865. In 1884 the county court made an order, on the petition of the inhabitants, declaring the town a city of the fourth class. This order purports to be made under article 1, chapter 89, Revised Statutes 1879.

1. The first point made on the trial is, that since Ash Grove was incorporated in 1871 as a town, the county court had no power, under the general law relating to cities and towns, to declare it a city of the fourth class ; and that the change from a town to a city could only be made by a vote of the inhabitants. From all this it is contended that Howard was not an officer at all. Concede that a change from a town to a city should have been by a vote and not an order of the county court, still that does not aid this defendant. The city is acting as a city of the fourth class, under color of law, and its right to do so is not questioned by the state. On the contrary the state recognizes its right to be and to exercise the powers of a city of the fourth class ; and its corporate capacity, as such city, cannot be questioned in this collateral proceeding. *The Inhabitants of Fredericktown v. Fox*, 84 Mo. 59 ; *St. Louis v. Shields*, 62 Mo. 247 ; *Catholic Church v. Tobbein*, 82 Mo. 418.

2. Defendant asked several instructions invoking the right of self-defense, but they ignore the fact that Howard was an officer and had the right to arrest, on view, for a violation of the ordinances of the city ; they also ignore the fact that the defendant was resisting the arrest, and hence they were properly refused. Under an instruction given, the jury were required to find that Howard was marshal of Ash Grove, and this to the knowledge of defendant ; that defendant was violating an ordinance of the city, in the presence of the marshal, in the respects set out in the instruction and in

an ordinance read in evidence; that Howard in attempting to arrest defendant used no more force than was necessary to effect the arrest; and that defendant shot him to prevent an arrest.

An officer in making an arrest should use no unnecessary violence; but it being his duty to make an arrest, the law clothes him with the power to accomplish that result. His duty is to overcome all resistance and bring the party to be arrested under physical restraint, and the means he may use must be co-extensive with the duty, and so the law is written. 1 Bish. Crim. Proc. (2 Ed.) sec. 160. The instructions present fairly the law of the case and the judgment is affirmed. RAY, J., absent. The other judges concur.