VALLIANT, J.
This is a suit in the name of the State upon the relation of the tax collector of Platte county against the defendant as owner of certain land described in the petition, the object of which is to enforce the State’s lien on the land for what is claimed to be taxes regularly assessed and due for the year 1894.
The facts of the case about which there is no dispute, are as follows: On April 25th, 1894, there was formed in Platte county a new school district by consolidating districts Nos. 26 and 27, which new district was designated as District No. 26. On April 30th, notice was posted in this district of which the following is a copy:
“Special School Meeting. — Notice is hereby given to the qualified voters of districts number 26 and 27, township 52, range 34, county of Platte, State of Missouri, that a special school meeting of said district will be held on Monday, the 7th day of May, 1894, commencing at two o’clock p. m., and among other things specified by law, the following will be proposed and considered. The meeting will be held at Hoover. This 30th day of April, 1894.
“Hiram McComas,
“J. W. Moore.”
Pursuant to this notice a meeting was held at which the defendant was elected chairman and presided. The meeting proceeded to organize the. district by electing three directors; then a resolution was passed fixing the school term for the year; then there was a motion to adjourn which was put to the vote and lost. After that the chairman refused to put any *480 other motion and refused to resign to allow another chairman to be elected, but the house took the situation in hand and elected another chairman. Then the defendant declared the meeting adjourned, and withdrew, and the meeting continued under the chairmanship of the substituted chairman. It selected a site for a new school house and authorized the directors to make an assessment not to exceed ninety-five cents on the $100 valuation for the purpose of building a school house, and after transacting some other business the meeting adjourned. Under the authority derived from that meeting the board of directors made the 'assessment of ninety-five cents on the $100 valuation for building the school house. The assessment for school purposes was thirty cents.
If the proceedings of that meeting were in law sufficient to authorize the assessment, the action of the board thereafter was regular and the assessment was lawfully made.
Upon the trial the plaintiff introduced the tax bill which is in due form and rested. The evidence as to the facts above detailed was introduced by defendant. He also introduced evidence to show that he paid forty cents on the $100 valuation of his assessment, leaving the balance which is the amount sued for unpaid.
Defendant contends that the assessment is illegal because there was no notice given that at the meeting called the subject of selecting a site for a school house and of authorizing an extra assessment for building purposes, would be considered and acted on, and that the proceeding was in violation of section’ll of article X of the Constitution.
In his statement of the case, counsel for respondent defines his position as follows:
“On the trial of said cause defendant interposed his answer, in which he pleaded want of notice to select a school house site, and also want of. notice that a vote would be taken to levy a tax for building purposes in said district on May 7, 1894, and that said attempted levy of 95 cents on the $100 *481 valuation of the property in said district was illegal, null and void, and in violation of section 11 of article X of the Constitution of Missouri.
“It is conceded that the district was not organized as a village school, but was merely a country school district.
“It is also conceded that there were no directors or other officers of the new district to call a meeting or submit any proposition to the voters prior to the first meeting held on May 7, 1894, and that in the notices posted by the two householders there was no mention made that a school house site would be selected, or that any vote would be taken to make a levy for building purposes.
“The only question to be determined by this appeal, is whether or not the levy of 95 cents on the $100 valuation of property in said District No. 26 for the year 1894 was valid, without notice, or the selection of a school house site was properly made at said first meeting of the new district, held on the 7th day of May, 1894.”
tJnder section 7682, R. S. 1889, the tax bill duly certified, introduced in evidence made out the plaintiff’s case prima facie, and thereafter the burden of showing that the requirements of the law in making the assessment were not complied with was upon the defendant.
Section 11, article X of the Constitution pleaded in defendant’s answer limits the rate of assessment for school purposes to forty cents on the $100 valuation, subject, however to an increase by a vote of a majority of the voters in the district. And that section also provides: “Eor the purpose of erecting public buildings in counties, cities or school districts, the rates of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city or school district, voting at such election, shall vote therefor.”
The manner of holding the election is not prescribed in *482 the Constitution, and that, with other details necessary to carry the provisions of the Constitution into effect is left to the legislature.
There are three methods pointed out by the statutes for holding special school meetings for the transaction of business : Section 8008 requires the board to call a meeting when a majority of the qualified voters in the district petition for the same, and specify in their petition the purpose of the meeting, in which case the directors are to cause notice to be given in the manner in that section prescribed, of the time and place of the meeting, and the purpose for which it is called. But a meeting called under that section could not authorize this increased assessment for building purposes, because, by the terms of that section, the business to be transacted at such a meeting is “business authorized by this chapter, and not restricted to the annual meeting or otherwise provided for.” Whilst, as we shall presently see, this increased assessment may be authorized at an annual meeting, yet it is not restricted to that meeting, but it is “otherwise provided for” in section 8006.
In that section the authority is given the board of directors to call a meeting for that purpose, when in their judgment it is necessary, and it is made their duty to do so Avhen requested by petition of ten taxpayers; the meeting thus called must be by due notice in the manner required by the next succeeding section, 8007, in which it is provided that the election on this proposition “may be held at an. annual meeting or at a special meeting called and held for that purpose. Said board of directors or board of education calling such election shall cause at least fifteen days’ public notice to be given of the time and place of holding such election and the purposes for which it is held, by publication,” etc.
Section 7978 requires that “the annual meeting of each school district shall be held on the first Tuesday in April of each year, at the district school house; commencing at 2 *483 o’clock p. m. If no school house is located within the district, the place of meeting shall be designated by notices posted in five public places within the district, fifteen days previous to such annual meeting, or by notice for same length of time in all the papers published in the district.” The law fixes the time and place for the annual meeting and no notice of the same is required unless there is no school house in the district, and then the notice required relates only to the place of meeting.
The next succeeding section specifies the powers that may be exercised by the qualified voters assembled in annual meeting, which are eleven in number, specifically enumerated. Among these are the organization of the meeting, election of directors, filling vacancies, determining the school term and the rate of taxation, if any, to be authorized over the forty cents limitation for school purposes; purchase of library; change of boundary, of which notice must be given; sale of property; election of county commissioner, and “Ninth. To determine, by ballot, the rate to be levied upon the one hundred dollars assessed valuation necessary to purchase a site, erect a school house thereon, and furnish the same as provided for in section 8006. Tenth, To determine, in districts newly formed, or wherein no school hohse site has yet been selected, the location thereof, notice having been given fifteen days previous by posting hand-bills in at least five public places in said district, that this matter would be submitted to said meeting.”
The statute does not require notice to be given of the purpose to exercise any of these powers except two, that relating to the change of boundary and that relating to the selection of a site for the school house; as to each of them it is expressly required that notice of the purpose to consider them must be given. It is therefore lawful for the qualified voters of the district to exercise any of the powers specified that they may see fit to exercise, without previous notice, except *484 in the two instances named. If therefore the meeting at which the tax in question was authorized had the powers of an annual meeting, its action on that subject was lawful, although in the notice calling the meeting there was no mention that that subject would be brought forward.
It is immaterial for the purposes of this case that the meeting may have acted on another subject without authority, if its action on this subject was in conformity to law. It is not essential to the validity of the action of the annual meeting authorizing the directors to make the increased assessment, that the school house site should have been selected, that might have been done at a previous meeting or postponed to a subsequent one, or it might have been attempted at that meeting and the action on that subject been invalid and still the action authorizing the assessment be valid. Thus we see the three methods pointed out by the statute for holding the election under which the Constitution allows the voters to make this increased assessment for building a school house; first, when called by the board of directors on their own judgment; second,when called by the board on the petition of ten taxpayers; and third, when the voters themselves in annual meeting assembled see fit to so order. In the first two methods notice of the special meeting and notice of the purpose must be given, but in the third no notice is required. Now, did this meeting have the powers of an annual meeting ? It must be remembered that- this was a newly created district, in which no directors had yet been elected, and no annual meeting yet held. The act of the county commissioner creating the district was dated April 25; the notice of the meeting posted April 30, and the meeting held May 7, 1894. The answer to this question must be found in the statute. Section 7977: “It shall be the duty of the voters resident in the territory embraced within the limits of the newly created district to assemble at some central point within said district within fifteen days after the *485 formation thereof — snch point to be designated by notice posted in at least five public places in said district, and signed by two of the resident freeholders therein; and such meeting, when assembled, shall be invested with the same powers, and be conducted as prescribed for the first annual district meeting held under the provisions of this chapter.” The only notice there required is as to time and place of meet•ing.
The meeting in question was called and organized in strict conformity to law and the only irregularity that occurred was the action of the defendant himself who having been elected chairman refused, after the meeting had performed part of its work, to further direct its deliberations, and it became necessary to call another to the chair. A chairman of a meeting has no right to obstruct its lawful action or force it to adjourn before it has completed the work it desires to accomplish, and if he attempts to do so he in effect abdicates his office and the assembly may elect a chairman in his place and proceed with its labors.
The evidence on the part of defendant did not overcome or tend to defeat the prima facie ease made by the plaintiff, and the trial court erred.in rendering judgment for the defendant.
The judgment of the circuit court is reversed and the cause remanded with directions to that court to enter judgment for the plaintiff for the amount shown to be due on the face of the tax bill and interest, in the form and to the effect prescribed in section 7683, Eevised Statutes 1889.
All concur.