BURNHAM et al., Appellants, v. ROGERS, Collector.

Division One, February 19, 1902.

1. **School District:** VALIDITY OF ORGANIZATION: COLLATERAL ATTACK. The validity of the organization of a school district or of a township in which the school district is located, can not be called in question in a suit for school taxes.

2. ———: IRREGULAR CONDUCT OF DIRECTORS: DIVISION INTO WARDS: BUILDINGS: INJUNCTION. An injunction to restrain the collection of a tax lawfully assessed is not the remedy for a failure of the directors to act in good faith and in accordance with statutory requirements in dividing the school district into wards, or in the erection of a school building in each ward, or in the selling of any school property not required for the use of the school.

3. ———: DIVISION OF DISTRICT: VOTE ON BONDS. A board of directors have authority to divide a village school into two or more wards without affecting the integrity of the district. And where the invalidity of bonds is based on an assumption that the voters in one of the wards so laid out by the directors had no right to vote on their issue because the directors' action was unwarranted and unjust, the petition in that respect, fails to state a cause of action for enjoining the collection of the tax to pay the bonds.

4. ———: TAXATION: INJUNCTION: TENDER OF LEGAL TAX. Where plaintiffs seek to enjoin the collection of a tax on the ground that a part of it is unauthorized, they must either voluntarily tender that part which is authorized, or the court must compel them to pay that into court, as a condition of restraining the collection of the unauthorized part.

Vol 167 mo—2

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,* Special Judge.

AFFIRMED.

*Chas. Kroff* for appellants.

*H. C. Clark* for respondent.

(1) This petition can not be read without concluding that the prime object is an atack upon the corporate existence of Amoret school district. It pleads that there was such *de facto* school district, for it is pleaded that such organization was acting as a school district, by levying taxes, issuing bonds, and building a schoolhouse. The corporate existence or organization of this corporation can not be attacked in this collateral proceeding, and as to this matter the demurrer was properly sustained. 4 Am. and Eng. Ency. of Law, p. 198; Beach on Private Corporations, secs. 13, 14, 53, 840, 841; St. Louis v. Shields, 62 Mo. 247; Catholic Church v. Tobbein, 82 Mo. 424; State v. Fuller, 96 Mo. 167; Mason v. Crowder, 98 Mo. 352; St. George's Church Soc. v. Branch, 120 Mo. 243. (2) (a) Without a vote the board of directors could legally levy forty cents on the one hundred dollars for teachers' wages, and did so levy such sum. This tax of forty cents was legal, and under the estimate and levy could have been paid or tendered, being thus separated in the estimate and levy. Sec. 2, art. 10, Constitution; R. S. 1889, sec. 7980. (b) Without a .vote the board had a right to levy forty cents on the one hundred dollars for a sinking fund to pay bonds, and, according to the estimate pleaded by appellants, they levied only twenty-eight cents for this purpose. This tax was, therefore, legal, and could have been paid or tendered. R. S. 1889, sec. 7986. (c) Further, without a vote the board of directors had the right to levy nine cents on the one hundred dollars for

interest upon their bonds. R. S. 1889, sec. 7987. (d) There was therefore a valid and legal levy, for at least seventy-seven cents on the one hundred dollars, and each item of this sum was so separated and apportioned in the estimate that the tax-payer knows the exact amount of the legal tax, if it be granted that a part of the whole levy was illegal by reason of no vote being taken. (e) There is no allegation in the petition which shows a payment or a tender to pay such legal taxes. Appellants pleaded no tender, and where the petition, upon its face, shows a legal tax, although there may be other items of illegal taxes, there must be a tender of the legal taxes and an allegation of such tender in the bill in equity, or the bill will be dismissed. For this reason the demurrer was properly sustained. Beach on Injunctions, secs. 16, 1208 and 1209; Bank v. Perea, 147 U. S. 87; State Railroad Tax Cases, 92 U. S. 573; Hyland v. Iron and Steel Co., 28 N. E. 308; Hyland v. Brozil Co., 26 N. E. 672; Hewitt v. Furtamaker, 27 N. E. 621; Morrison v. Jacoby, 14 N. E. 806; McDaniel v. Water Co., 48 Mo. App. 273; Dickhaus v. Ordelheide, 22 Mo. App. 79; Herweek v. Barber's Supply Co., 61 Mo. App. 456; State ex rel. v. Flood, 26 Mo. App. 503. From the foregoing Missouri cases, it is the settled principle that there must be a tender of the legal portion of the tax.

VALLIANT, J.—This is a suit in equity to enjoin the collection of certain school taxes in Amoret school district in Bates county, the plaintiffs owning property in the district assessed for such taxes in 1897, and the defendant being the township tax collector.

The petition goes back to the organization of the town of Amoret, and makes statements tending to show that the town was not lawfully organized; then it takes up the Amoret school district, organized in 1892, and makes statements designed to show that its organization was not legal. It then states in effect that upon the organization in May, 1892, the

board of directors of the Amoret school district held a meeting and determined that more than one schoolhouse was required in the district, and divided the district into two wards by a line running north and south, and decided to build a schoolhouse east of the line on lots designated; the plaintiffs live and their property lies west of that line; that at the time there was a good schoolhouse west of the line, but the directors afterwards sold it, and since then there has been no schoolhouse west of the line, although that part has ever since been treated by the directors as a part of the school district for purposes of taxation, and such taxes have every year been paid by plaintiffs up to the year 1897; that pursuant to the resolution of the board of directors in May, 1892, dividing the district into two wards, and looking to the building of a schoolhouse east of the dividing line, an election was held in the district on the proposition to issue bonds, and borrow $2,000 thereon to be used in building and furnishing the contemplated schoolhouse, at which election the proposition was declared carried and the bonds were duly issued. The petition avers that that election and the bonds issued in pursuance of it were void for three reasons: First, it "should have been held beginning at seven o'clock a. m. and closing at six p. m. of said day, and the board should have elected three judges of election, etc., as required by section 8096, Revised Statutes 1889, instead of as was done by electing a chairman and secretary and appointing tellers; second, said proposition was not carried by two-thirds of the votes cast by persons who were legal voters at the time; third, none but the legal voters residing east of said division line dividing said school district No. 4, had any right to vote at said election, voting on the question of said loan, when in fact said proposition was submitted indiscriminately to all the voters of said school district No. 4."

Coming down to the assessment of 1897 complained of, the petition avers that notice that a proposition to increase the rate of taxation would be made at the annual school meeting

was not given, and that such a proposition was not voted upon, but that the board of directors "in disregard of legal authority" made the assessment for that year in excess of the constitutional limit, that is, made an assessment of ninety cents on the $100, being forty cents for teachers' wages, ten cents for incidental purposes, twenty-eight cents for sinking fund, nine cents for interest, and three cents for purposes not specified. The prayer is for an injunction to restrain the collection of this assessment.

A temporary injunction was awarded. When the cause came on to be considered a demurrer to the petition was filed which was sustained by the court, and plaintiff declined to plead further, thereupon a judgment for defendant was rendered, and the plaintiff appeals.

It sufficiently appears from the petition that whatever irregularities may have occurred in the organization of the town of Amoret and the Amoret school district these two corporations were organized and are existing and discharging the functions of such corporations and have been since 1892, Their right to exist and act as such corporations can not be impeached collaterally in the manner attempted in this petition. Confusion amounting to chaos would result if the life of every municipal or other public corporation in the State could be assailed in this manner. [State v. Fuller, 96 Mo. 165; Catholic Church v. Tobbein, 82 Mo. 418; Board, etc. v. Shields, 62 Mo. 247.]

Assuming therefore, as we must, for the purposes of this suit, that the Amoret school district was regularly framed, it had authority under section 8088, Revised Statutes 1889 (sec. 9865, R. S. 1899), to divide the district into school wards, to erect a suitable school building in each ward, and to sell any school property not required for use of the district. Of course in the performance of these and all other duties prescribed by law the board must act in good faith and according to the course pointed out by statute, but if the board should

in the opinion of a taxpayer in the district deviate from that course his remedy is not by injunction to restrain the collection of the tax lawfully assessed.

As to the charges in the petition that the election held May 23, 1892, at which the bonds were authorized was illegal, the statements are not sufficient to give us a definite idea of how that election was conducted or in what particulars if any it was not conducted according to law. It is said that the election should have begun at seven a. m. and closed at six p. m. and that three judges should have been elected as required by section 8096, Revised Statutes 1889, instead as was done of electing chairman and secretary and appointing tellers. Section 8096 referred to prescribes the mode of holding elections at the annual meetings in April but it does not apply to other meetings. Under section 7981, Revised Statutes 1889 (sec. 9752, R. S. 1899), the issuance of bonds for this purpose may be authorized at an annual or special meeting, and if at a special meeting notice of the time, place and purpose must be given. Whether the meeting of May 23, 1892, at which the bonds were authorized, was called and conducted as required by section 8008, Revised Statutes 1889 (sec. 9780, R. S. 1899), which prescribes how special meetings shall be called and conducted, the statements in the petition do not show. The statements that the proposition to issue the bonds was not carried by two-thirds of those who were legal voters at the time, is supplemented by the further statement that only those living east of the division line were legal voters and that all the voters in the old district were permitted to vote. Those statements taken together are interpreted to mean that in the opinion of the pleader when the directors determined to divide the district into two wards and made provision for the erection of a schoolhouse in the ward lying east of the division line it was equivalent to creating a separate district east of the line in which those who lived west had no

concern, had no right to vote, and were not liable to taxation therein.

This idea is expressed in the petition in these words: "That the plaintiffs reside west of the line in the territory so stricken off from said Amoret school district, the town of Amoret where the schoolhouse is located, being east of said line, whereby said so-called board of directors of said Amoret school district no longer retained any jurisdiction over the persons or property for the purpose of assessing them or their property for school purposes." But this is a mistaken view of the law, the board of directors, as we have seen by section 8088, Revised Statutes 1889, had authority to divide the district into two or more wards without affecting the integrity of the district. The statements in the petition do not show that the action of the meeting of May 23, 1892, was illegal.

The petition avers that no notice was given of the purpose to submit the proposition to increase the usual rate of taxation at the annual meeting in 1897 and that no vote on such a proposition was taken. The proposition could have been voted on at the annual meeting without such notice. [Sec. 7979, R. S. 1889, same sec. 9750, R. S. 1899; State ex rel. v. Edwards, 151 Mo. 472.] But if no such vote was taken no authority was given the board to make the increased assessment. The board, however, had authority to make the regular assessment of forty cents on the $100, and an additional tax to pay the interest on the bonds and to create a sinking fund. [Secs. 7982, 7986 and 7987, R. S. 1889.] Therefore, if the increased assessment was not authorized it would only affect the items of ten cents for incidentals, and three cents for unnamed purposes, leaving seventy-seven of the ninety cents assessment valid and binding. The plaintiffs have shown no disposition to pay the proportion of the assessment that is valid; not only have they made no tender of it, but they sought and obtained a temporary injunction against

the whole assessment and still are in the attitude of refusing to pay that part which by their own showing they are justly liable to pay. The maxim "he who seeks equity must do equity" applies in this case. This equitable maxim would not be enforced so strictly as to defeat the plaintiffs if they had inadvertently omitted to tender payment or make offer to pay, but their attention was called in the circuit court to this omission in their bill by the demurrer which assigned this as one of the defects in the petition, yet after the court ruled on the demurrer the plaintiffs declined to amend or place themselves in any better attitude than they at first presented. Under those conditions the court could do nothing but render judgment for the defendant. In an equity suit a formal tender under these circumstances is not always essential, because the court in its decree can grant relief on terms it may prescribe and thus force the plaintiff to do equity, but a disposition to comply with the maxim is essential and in a case like this if the plaintiff will concede nothing he must recover all or nothing.

These plaintiffs, however, are not quibbling on a small point; they have not come into court to obtain relief only against the collection of a tax of thirteen cents on the $100 valuation of their property. They conceive themselves aggrieved by the action of the board of school directors in dividing the district into two wards, leaving them in what they call the part of the district "stricken off," abandoning and selling the schoolhouse they formerly had and taxing them to pay for a schoolhouse, and maintaining a school in that part of the district which lies in the town of Amoret. They may have been unjustly treated in this respect, we do not know, but if they have been their remedy does not lie in a suit of this kind. While their property lies in the school district it is subject to the lawfully assessed school tax, and if the board of directors is treating them unfairly in the administration of the affairs of the school district, they must seek

redress in some other mode than that by injunction to restrain the collection of the tax.

The judgment of the circuit court is affirmed. All concur.