# BART AKERS, Appellant, v. W. H. KOLKMEYER & COMPANY, Respondents.

### Kansas City Court of Appeals, January 5, 1903.

1. **Third Class Cities:** PUBLIC SEWER: ORDINANCE: USER. A city by resolution (not an ordinance) established a public sewer and borrowed money and paid for the construction of same, and accepted and used same as a public sewer. *Held*, these acts, made it a public sewer as if it had been originally established by ordinance.

2. ——: ——: ——: ——. *Held*, likewise, if accepted and used by the city it would become a public sewer though built by private contributions.

3. ——: ——: ——: ——: RATIFICATION: ESTOPPEL. While a subsequent ratification in proper form of such a sewer might estop the city, yet it could not estop a private citizen, and in a controversy between such citizen and others as to whether it were a public sewer, such ratification need not be pleaded, but may be shown in evidence to establish the fact that it was a public sewer.

4. **Offices and Officers:** CITY ENGINEER: DE FACTO. Though a city engineer be informally inducted into office, yet if he is recognized as such and discharges the duties of the office, he becomes a *de facto* officer and his acts are valid so far as they concern the public and the rights of third persons who have an interest in the things done.

5. **Third Class Cities:** DIMENSIONS AND MATERIAL OF SEWER: SPECIFICATIONS. A city by ordinance adopted a general sewer system with maps, profiles, plans and specifications then on file. By another ordinance it provided that all sewer work should be done in accordance with such plans and specifications. It then established a sewer district and ordered the construction of a sewer therein. *Held*, the dimensions and material for the district were sufficiently indicated by the plans and specifications of the general ordinance.

6. ——: SEWER DISTRICT: NECESSITY OF. When a city council has power to create a sewer district and issue taxbills therefor, its acts in so doing are, in the absence of fraud, conclusive upon the courts on all questions relating to the necessity and sanitary propriety of such sewer.

7. ——: SEWER TAXBILLS: ENGINEER'S REPORT: FILING. The report of an engineer under review is *held*, while lacking in form, to be substantially sufficient to authorize special assessments, and is found to have been filed in fact though not so marked, which omission can not affect its validity.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

STATEMENT BY BROADDUS, J.

This is a suit in equity to have declared as void a certain taxbill, and to remove the cloud upon plaintiff's title to lots 271, 272 and 273 in Columbia. The bill, or petition, alleged that the city of Columbia is a city of the third class, that defendants Kolkmeyer are partners engaged in the business of contracting, that plaintiff is the owner of said lots, that the city council of said city passed an ordinance establishing sewer district No. 4 and let a contract to defendants Kolkmeyer for the construction of a district sewer therein; that afterwards the city council passed an ordinance directing the mayor and city clerk to issue a taxbill for $161.75 against said real estate; that said taxbill was so issued, delivered to the defendants Kolkmeyer and assigned by them to the defendant bank, as collateral security. The petition also alleged that said taxbill is void for five reasons; first, that while the city council attempted to establish a public sewer, yet no ordinance establishing a public sewer was ever passed; second, that the district sewer did not connect with any public or other district sewer in said city, nor with the natural course of drainage; third, that the city engineer did not compute the whole cost of said district sewer, and did not apportion the same against the lots and pieces of ground, and did not report the same, by bill or otherwise, to the city council; fourth, that the ordinance establishing said district sewer did not state the size, dimensions nor materials out of which the same was to be constructed; fifth, that there was no petition for said district sewer, and no necessity for the same, for sanitary purposes or otherwise, and that the actions of said city council were unreasonable and oppressive, as there are no water pipes near said district sewer.

The answer of defendant admitted the construction of the sewer and the issuance of the taxbills, and denied all the other allegations of the petition.

The evidence disclosed that in May, 1900, the city council of Columbia submitted a proposition to the qualified voters of said city to incur an indebtedness of $18,500 for the purpose of establishing a system of main public sewers for said city, which was carried and bonds were issued and sold and the proceeds covered into the city treasury. In June of that year the city entered into a contract with one Hiram Phillips to plan and lay out a proposed public and district sewer system; whereupon said Phillips prepared and submitted to the city council certain surveys, maps, profiles, plans and specifications and details for the construction of a public and district sewer system, which was accepted by resolution of the city council on July 17, 1900. In August, 1900, a contract was let under which the main public sewers were constructed in accordance with the plans and surveys made by said Phillips. On March 12, 1901, the main public sewers were formally accepted by the council and were paid for out of the money in the city treasury. In the meantime the council had passed an ordinance on the subject of sewers which provided that the work in their construction should be in compliance with said plans and specifications; and in May, 1901, the city council by ordinance adopted the said maps, plans, etc., made by Phillips showing in detail the location, connections and dimensions of the main and district sewers and described the materials to be used in their construction. At this time the city council established sewer district number four. On May 21, 1901, the council passed an ordinance which declared that: ''The sanitary condition within districts Nos. 1, 2, 3, 4 is such as to require the immediate construction of sewerage in said districts, providing for the route, material and manner of constructing the sewers in the respective districts.''

It is admitted that the district sewer in question was established by ordinance.

While the work was in progress on said sewer the city engineer, on account of ill health, became unable to perform the active duties of his office, in consequence of which one E. B. Cauthorn was employed as special engineer for the sewer work. And on October 31, 1901, the regular city engineer's resignation was accepted and Cauthorn was at once appointed in his place and assumed and discharged the duties of the office without having given his official bond and taking the oath of office as such. On November 8, 1901, having computed the cost of the sewer and apportioned it against the several lots, he made and filed his report although it was not marked as filed at that time.

The plaintiff offered to prove that there was no necessity for said district sewer for sanitary purposes; that the health in that part of the city was good, and that there were no water pipes or connections within three blocks of said district sewer, which the court excluded. On the hearing, the court dismissed plaintiff's bill and he appealed.

*N. T. Gentry* for appellant.

(1) The law has long been settled in this State, that proceedings by municipal corporations to compel the owners of land abutting on a street or alley to pay for improvements in front of their property are *in invitum,* and a strict performance of all the conditions imposed is necessary, in order to fasten a charge or lien on the property of the citizen. Guinotte v. Egelhoff, 64 Mo. App. 366; Fruin v. Geist, 37 Mo. App. 512; Leach v. Cargill, 60 Mo. 316; Kiley v. Oppenheimer, 55 Mo. 374; Westport ex rel. v. Mastin, 62 Mo. App. 654; West v. Porter, 89 Mo. App. 153; Knapp v. Kansas City, 48 Mo. App. 492; St. Louis v. Telephone Co., 96 Mo. 628; Joplin v. Luckie, 78 Mo. App. 13; Dillon on Munic. Corp. secs. 89, 90 and 91; Forry v. Ridge, 56 Mo. App. 620. (2) No public sewer was ever established in Columbia, because no ordinance establishing such sewer was ever passed by the city council nor approved by the mayor.

Sec. 5847, R. S. 1899; Kolkmeyer v. Jefferson City, 75 Mo. App. 683; Heidelberg v. St. Francois Co., 100 Mo. 74; McKissick v. Mt. Pleasant Tp., 48 Mo. App. 416; Crutchfield v. Warrensburg, 30 Mo. App. 456; Thrush v. Cameron, 21 Mo. App. 394; Cape Girardeau v. Fongen, 30 Mo. App. 551; Poplar Bluff v. Hoag, 62 Mo. App. 675; Nevada v. Eddy, 123 Mo. 558; Trenton v. Coyle, 107 Mo. 193; Irvine v. Devors, 65 Mo. 625. (3) And our Supreme Court held that a city is not liable to a property-owner for the change of grade in one of its streets, unless said grade was ordered changed by an ordinance, duly passed, and this, too, when the city council appointed a committee to superintend the work, and the work thus done by its committee, was accepted by the council and paid for. Thompson v. Boonville, 61 Mo. 282; Gehling v. St. Joseph, 49 Mo. App. 430; Beatty v. St. Joseph, 57 Mo. App. 251; Werth v. Springfield, 78 Mo. 107; Rowland v. Gallatin, 75 Mo. 134; Stewart v. Clinton, 79 Mo. 609; Kolkmeyer v. Jefferson City, 75 Mo. App. 682; Rives v. Columbia, 80 Mo. App. 176; Reid v. Peck, 163 Mo. 338; Koeppen v. Sedalia, 89 Mo. App. 648; Steubuer v. St. Joseph, 81 Mo. App. 273; Johnson v. School District, 67 Mo. 319; Cheeney v. Brookfield, 60 Mo. 53; State v. Treasurer, 22 Ohio St. 144; People v. Peters, 4 Neb. 254; Taylor v. Wayne, 25 Iowa 447; Clark v. School Directors, 78 Ill. 474; Bayha v. Taylor, 36 Mo. App. 437; Heman v. Payne, 27 Mo. App. 481. (4) The only way that a city can ratify an unauthorized act of its officers is by an ordinance, duly passed and approved. Eichenlaub v. St. Joseph, 113 Mo. 395; Tiedem. on Munic. Corp., sec. 170; State ex rel. v. Milling Co., 156 Mo. 634; Unionville v. Martin, (not yet reported). (5) No ratification pleaded in answer. Mize v. Glenn, 38 Mo. App. 104; Hudson v. Railway, 101 Mo. 29; Bliss on Code Plead., sec. 352; Ferneau v. Whitford, 39 Mo. App. 316; Webb v. Allington, 27 Mo. App. 571; Bank v. Armstrong, 62 Mo. 59; Noble v. Blount, 77 Mo. 235; Kirby v. Railway, 85 Mo. App. 350; Bank v. Westlake, 21 Mo. App. 572; Nichols v. Larkin, 79 Mo. 264; A. & M. Ass'n v. Delano, 108

Mo. 221; Musser v. Adler, 86 Mo. 449. (6) District must connect with public sewer. Kansas City ex rel. v. Ratekin, 30 Mo. App. 416; Bayha v. Taylor, 36 Mo. App. 427; Kansas City ex rel. v. Swope, 79 Mo. 446; St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125; Heman v. Payne, 27 Mo. App. 481. (7) Necessity of engineer's report. R. S. 1899, sec. 5848; R. S. 1889, sec. 1542; Marshall ex rel. v. Rainey, 78 Mo. App. 421; Mills v. Detroit, 95 Mich. 423; Erie v. Brady, 150 Pa. St. 462; s. c. 24 Atl. Rep. 641; Merritt v. Porchester, 71 N. Y. 309; Erie v. Brady, supra. (8) Was Mr. Cauthorn city engineer? Section 159 of the city's Revised Ordinances for 1900. (9) The ordinance establishing the district sewer does not state the size, dimensions nor materials out of which said sewer is to be constructed; this is a fatal omission. St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125; St. Louis v. Clemens, 43 Mo. 395; Gilbreath v. Newton, 30 Mo. App. 392; Dun v. McNealy, 75 Mo. App. 220; Manfg. Co. v. Hamilton, 51 Mo. App. 135; Cole v. Skrainka, 105 Mo. 308; 2 Dillon on Mun. Corp. (4 Ed.), sec. 811; Oster v. Jefferson City, 57 Mo. App. 493.

*E. W. Hinton, Gillespy & Conley* and *W. S. Pope* for respondents.

(1) When the city accepted the main sewer and paid for its construction with public funds regularly appropriated by ordinance for that purpose, it thereby recognized and established it as a main public sewer, and that, too, by ordinance. Foncannon v. Kirksville, 88 Mo. App. 279; Devers v. Howard, 88 Mo. App. 253; Dooley v. Kansas City, 82 Mo. 444; State ex rel. v. Mill. Co., 156 Mo. 620; City v. Armstrong, 56 Mo. 298. (2) But it has never been thought necessary to show a formal establishment of a street by ordinance in the first instance in order to charge the municipality with the duty of maintaining it in proper condition as a public street. Golden v. Clinton, 54 Mo. App. 100; Baldwin v. Springfield, 141 Mo. 205; City v. Ratekin, 30 Mo. App.

428; Hill v. Drug Co., 140 Mo. 433; Hackett v. Ins. Co., 79 Mo. App. 16; Werth v. Springfield, 78 Mo. 107; Iron Co. v. St. Louis, 138 Mo. 608. (3) Mr. Cauthorn accepted the appointment and assumed the duties of the office. This constituted him a *de facto* officer, and his acts as such were as valid and binding in collateral proceedings as though he had properly qualified by giving bond and taking the prescribed oath of office. State v. Dierberger, 90 Mo. 369; State ex rel. v. Badger, 90 Mo. App. 183. (4) Under the general rule as to the presumption of regularity attending official acts, as well as the express statute on the subject, the issuance of the taxbill raises the presumption that the city engineer properly computed the costs of the sewer and apportioned the same against the several lots, and that this was duly reported to the council. City of Marshall v. Rainey, 78 Mo. App. 216; State ex rel. v. Seahorn, 139 Mo. 582. (5) By the ordinance establishing this sewer its dimensions are fixed at eight inches. By the general ordinance passed long before this time it was provided that all sewer work should be done in accordance with the plans and specifications on file in the office of the city clerk. And by the ordinance of May 9, 1901, passed prior to the establishment of this district sewer, the Phillips map, profiles, plans and specifications, which were then on file in the office of the city clerk, were formally adopted as the basis of the general sewer system. Finally, the subsequent ordinance of May 21, establishing this district sewer, provided for its construction in accordance with the specifications for the main sewer. This was all that is necessary. Galbreath v. Newton, 30 Mo. App. 380; St. Joseph v. Landis, 54 Mo. App. 315; Roth v. Hax, 68 Mo. App. 283; Becker v. Washington, 94 Mo. 375. (6) The necessity for the establishment of this sewer on sanitary grounds was a question solely for determination by the city council, and in the absence of a charge of fraud or corrupt abuse of this power, made in a direct proceeding to annul the ordinances establishing the sewer district and providing for the construction of sewers therein, the action of the

city council in this respect is conclusive upon the courts. Heman v. Schulte, 166 Mo. 409.

BROADDUS, J.—The plaintiff's contention in part is, that the defendant city council by its ordinance, in building the sewer in question, failed to connect it with a main public sewer. That is to say, it was not connected with a main public sewer established according to law. There is no dispute but what it was connected with a main sewer, but the objection is that such sewer was not established by ordinance and was not therefore a main public sewer. It has been shown that such sewer was built in pursuance of a resolution of the city council and paid for out of the money in the city treasury provided for that purpose by a vote of the people of said city. It is true that said sewer should have been provided for by ordinance, but the act of the city council, after it was so constructed, in accepting and paying for the same by funds secured for that purpose, constituted it, in law, as much a public sewer as if it had been originally established by ordinance. Foncannon v. Kirksville, 88 Mo. App. 279; Devers v. Howard, 88 Mo. App. 253; Dooley v. Kansas City, 82 Mo. 444; State ex rel. v. Mill Co., 156 Mo. 620; City v. Armstrong, 56 Mo. 298.

But we can not see what difference it would make whether such so-called public sewer was established by ordinance or not, if prior to the establishment of the district sewer in controversy, it existed as such. For instance, if it had been constructed as the result of private contributions, and turned over to the city for public use and so accepted, it would have been to all intents and purposes a public sewer. We hold that it was not a matter properly in issue, if it existed as a public sewer, no matter how constructed.

But plaintiff says that the ratification of the unauthorized acts of the city officers in erecting said sewer was not pleaded as an estoppel, therefore it could not avail defendant. But was the ratification in question a matter of estoppel in the sense as used by the appel-

lant? It is true, the city by such ratification would be precluded from denying that it had waived the necessary requirements for the establishment of said sewer; but it was not an estoppel as such to the plaintiff. The evidence of such fact was not introduced to show that plaintiff was estopped from denying that said sewer was a public sewer, but as affirmative proof that such sewer was lawful by reason of such subsequent ratification, as much so as if the act had been consummated by ordinance in the first place. In other words, that the sewer was a lawful sewer, which the plaintiff had undertaken to show it was not. It was not the act of plaintiff that was invoked to defeat him, but the act of the legislative council of the defendant which went to establish an important fact in the case. The issue tendered by the plaintiff was that the sewer in question was not a lawful sewer established by ordinance; this, the defendant's answer denied, and proof was admitted without objection, on the ground that it was not competent because not pleaded as an estoppel, and it is too late to raise the question for the first time in this court. Besides, it has been held, under an allegation that a city had made a certain contract, that it was competent to prove that the city had ratified such contract made by its officers, without previous authority. Iron Co. v. St. Louis, 138 Mo. 608; Devers v. Howard, 88 Mo. App. 254. If such be true, the converse is also true, wherein the answer denies that the act was unlawful for want of an ordinance and authorizes in support of such denial, proof of some ordinance.

It is also contended that E. B. Cauthorn, who had charge as city engineer of the work on the sewer, was not city engineer because he did not take the oath of office and give bond as such, consequently his report upon which the validity of the proceedings to charge plaintiff upon the special taxbill is sought to be sustained has no legal force whatever. It is true that if he was not lawfully city engineer the taxbill fails because of want of authority in said engineer. But as it appears that said Cauthorn assumed and performed

the duties of the office, he therefore became *de facto* city engineer and his acts are to be treated as if he was *de jure* such officer. It is well settled that the acts of a *de facto* officer "are valid so far as they concern the public, or rights of third persons who have an interest in things done." State v. Dierberger, 90 Mo. 369; State ex rel. v. Badger, 90 Mo. App. 183. This question has been too well settled to justify further comment.

Another contention of the appellant is, that the city council failed to designate by ordinance the size and dimensions of the district sewer in controversy and the material for its construction. The ordinance establishing said sewer fixes its dimensions at eight inches. Prior, however, as the evidence shows, the city by ordinance adopted for its general sewer system the maps, profiles, plans and specifications made by Phillips and then on file, though not marked filed, in the office of the city clerk. And prior to that time the city council had by general ordinance provided that all sewer work should be done in accordance with such plans and specifications. We think these ordinances were sufficient authority for the manner in which and the material with which said sewer was to be constructed. The fact that the Phillips maps, plans, etc., were not marked filed, as the plaintiff thinks they ought to have been to give them validity, can make no difference, as such marking only went to the question of identification. It was sufficient if they were filed and identified, which was not disputed. The ordinance providing for the construction of the sewer in question in accordance with the provisions for the main sewer, was legitimate. Becker v. Washington, 94 Mo. 375; Roth v. Hax, 68 Mo. App. 283.

The necessity for the construction of the sewer was also raised by the appellant upon his offer to prove that the health of the inhabitants in the district was good, etc. This question was passed upon in Heman v. Schulte, 166 Mo. 409, in which it was held:

"When a municipal assembly is vested with the power to pass an ordinance for the construction of a

Vol 97 app—34.

:sewer, and the creation of a sewer district, and the issuing of special tax assessments on the sewer property within the district, to pay for the same, its acts under that power, in the absence of fraud, are conclusive upon the courts, whether the attack made thereon be collateral or direct." There was no offer to prove that the council in this case acted either fraudulently or corruptly.

The plaintiff made objections to the sufficiency of the said engineer's report. While it may be somewhat lacking in form and clearness of detail, substantially, it contained sufficient data authorizing the special assessment in question. And the fact that the city clerk did not mark it filed at the time it was filed with him can make no difference. The omission would not have the effect of destroying its validity. Many other objections are made to it which we do not deem of sufficient importance to consider.

Finding no error in the action of the court dismissing plaintiff's bill, the cause is affirmed. All concur.