STATE ex rel. District No. 1 et al., Appellants, v. HERBERT H. MILLER, Clerk, etc., Respondent.

Kansas City Court of Appeals, June 26, 1905.

1. SCHOOLS: District Organization: Collateral Attack. Where a school district has for some years been recognized by the county and State officials, the regularity of its organization will not be inquired into in a collateral proceeding against the county clerk to tax a portion of its property in an adjoining district.

2. ———: ———. ———: Laches: Mandamus. Where complaining parties have laid by for years without action until a dis-

trict has been organized, built a house and been recognized for some years by the school authorities, it cannot be permitted in a collateral proceeding to call in question the regularity of such district organization.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

**AFFIRMED.**

*T. Shackelford* and *E. W. Henry* for appellants.

(1) The court will perceive from the record in this case that the only defense to this action is that the pretended school district is a *de facto* district; this is a direct admission that the pretended district formed from the unorganized district in township 52, range 17, and a part of school district No. 1, township 51, range 17, divided by a county line was illegally formed and in direct violation of law. Before such a defense is available, it must be conceded that courts will not favor direct vioations of law without the concurrence of certain fundamental principles, which should govern in all cases of this kind. That by virtue of section 3, article 2, Constitution of Missouri, the right of local self-government must not be impaired. R. S. 1899, sec. 7972; State ex rel. v. Patton, 79 Mo. App. 164-168; State ex rel. v. Byers, 67 Mo. 706; Shutticks v. Phelps, 78 Mo. 80. (2) That school districts since the revised laws of 1879 are corporations which exist as a part of the civil government of the State, and as a public corporation; and that when a corporation is attempted to be formed, based on an acknowledged violation of law and an estoppel is pleaded, based upon long usage, then in order that such a position be sustained, it must clearly be shown that a disturbance of the *de facto* relation will work manifest injustice and be clearly inequitable, and each case must be governed by the circumstances of its own case. McClure Bros. v. School District, 79 Mo. App. 80; Perryman v. Bethune, 89 Mo. 158; Bradshaw v. Yates, 67 Mo.

221; R. S. 1889, sec. 8514. (3) The true test of a *de facto* corporation is that there was a law in existence under which there might have been a *de facto* corporation of the kind, character and class to which the organization in question appropriately belonged. 95 Fed. Rep. 497-508, 67 Wis. 634; State ex rel. v. Riley, 85 Mo. 155; School District v. School District, 94 Mo. 612; Smith on Corporations, sec. 190. (4) Corporations cannot be formed to accomplish a fraud. Clark and Marshall on Corporations, sec. 7, p. 22. (5) Mandamus will lie to compel a mandatory duty. Tudor on Municipal Corporations, sec. 374; State ex rel. v. Riley, 85 Mo. 155.

*R. B. Caples* and *Crawley & West* for respondent.

(1) The object of the suit is to establish the alleged right of relator district to taxes on lands and other property located within the territorial boundaries of district number 2, which is admittedly in possession of the territory, claimed and exercising its corporate functions over the same. Thus the interests of district number 2 are vitally affected, and that district is not a party to the suit and has no opportunity to be heard. School District v. Smith, 90 Mo. App. 215. (2) The return shows the existence of a school district having a legal existence, recognized by the State and county, in the actual user of its corporate franchises as a statutory school district continuously from the year 1896 to the date of the trial of this suit, covering the territory claimed by relator district. Its right to exist and act as a corporation cannot be impeached collaterally as is attempted by the answer of relators. Burnham v. Rogers, 167 Mo. 17, and cases cited on page 21; Fredricktown v. Fox, 84 Mo. 59; State v. Fuller, 96 Mo. 165; State ex rel. v. Board of Eq., 108 Mo. 241; School Dist. v. Smith, 90 Mo. App. 215; State ex rel. v. Buhler, 90 Mo. 560. (3) School district number 2 was or-

ganized in 1896, and from that date to this has had a recognized *de facto* existence, and the people of the district have adapted themselves to the changed conditions, built a schoolhouse and incurred expenses necessary to carrying on a school. By timely objection before such organization had been recognized relators might have taken advantage of the irregularities complained of but by their laches they have allowed a condition of things to exist for seven years which they will not now be allowed to destroy. Stamper v. Roberts, 90 Mo. 683; State v. Eden, 54 Mo. App. 31. (4) The effect of sustaining appellants' position would be to destroy the corporate existence of district number 2, and thus deprive the members of its school board of their offices in a proceeding to which neither the school district nor its officers were parties. Not only would this be done in a proceeding in which they had no opportunity to be heard, but done by a court that has no jurisdiction to determine a case wherein title to an office under this State is involved. Constitution of Missouri, sec. 12, art. 6; State ex rel. v. Stone, 152 Mo. 202; School District v. Smith, supra.

ELLISON, J.—The relator school district seeks to compel the respondent county clerk of Chariton county to assess and extend the taxes on property in certain territory claimed by relator, as certified by it on the 12th of May, 1903. The object of relator is to subject certain territory to taxation as a part of said district. The trial court refused a peremptory mandamus and relator appealed.

It appears that prior to 1896, the territory composing the relator district was partly in Chariton and partly in Howard counties. The territory now in dispute lies wholly in the former county. In 1896 the territory now in dispute, with some not in dispute, organized into a separate district known as district number 2. The relator attacks the regularity and legality of the pro-

ceeding whereby such district number 2 was attempted to be organized. But it appears in the case that such district number 2 did in fact exist from 1896 down to the present time. That it had officers, built a school house, carried on a school and received its share of the school taxes during that time.

We will concede (and thereby rid the case of much detail of statement) that district number 2 was irregularly organized. But the fact remains that for many years it was an existing district operating under the laws and filling all the functions of a school district, and that it was recognized by both State and county, the former in the apportionment of school funds and the latter in taxation and other matters arising from the relation of county and school district affairs. This proceeding is not a direct attack upon the existence of the district. It is merely seeking to compel the performance of an alleged ministerial duty by the respondent as county clerk to extend taxes for school purposes for the relator over and upon certain lands. District number 2 is not a party to the proceeding and its existence as a district only arises in a collateral way. That it exists in fact and has been exercising the functions above stated is beyond question. We therefore hold that in this proceeding its rights as a district to tax the territory in question cannot be questioned. [Burnham v. Rogers, 167 Mo. 17; Fredricktown v. Fox, 84 Mo. 59; State v. Fuller, 96 Mo. 165; State ex rel. v. Board of Equalization, 108 Mo. 241; State ex rel. v. Buhler, 90 Mo. 560.] And not being a party, such proceeding should not be had as would blot out its existence without an opportunity to be heard. [School Dist. v. Smith, 90 Mo. App. 215.]

Again recurring to the length of time District number 2 has been exercising the functions of a regular school district and no proceedings taken to oust it of the privileges and functions thus exercised, we regard it as not an unwise exercise of that discretion with which the

courts are entrusted in considering the propriety of an extraordinary writ of this nature to refuse it on account of the long delay. [Stamper v. Roberts, 90 Mo. 683.] Judge NORTON'S view in that case is applicable here. He said:

"Conceding, for the purpose of this case, without determining the question, that the change thus made was irregular and in excess of the powers conferred, the question still remains whether, under the facts of the case, a court of equity should interpose its injunctive and restraining process. The proceedings to establish this new district occurred in April, 1880; this suit, assailing its validity, was brought in 1884. In the meantime the new district was, in fact, organized, and has remained so organized, unchallenged by plaintiff, except so far as his protest in paying school taxes assessed against him may be regarded as challenging it. In view of these facts, and the further fact that, during an interval of four years, the *de facto* existence of the district was recognized and parties interested have adapted themselves to the changed conditions of things, presumably for school purposes, and incurring expenses necessarily incidental to conducting a school, we are fully justified in affirming the judgment of the circuit court on the ground, if on no other, that plaintiff, by his laches, has allowed a condition of things to exist for years which would make it inequitable to grant the relief prayed for."

The conclusion we have reached makes unnecessary a review of the brief of relator, or of suggestions advanced in oral argument. For, notwithstanding the position taken, the considerations we have set out above in the circumstances developed by the record, lead to an affirmance of the judgment. All concur.