THE STATE at Relation and to Use of WALTER B. WADDELL, Collector of Revenue for Lafayette County, v. JOHAN JOHNSON and W. A. JOHNSON, Appellants.—296 S. W. 806.

Court en Banc, July 11, 1927.

1. **SCHOOL DISTRICT: De Facto Organization: Proof.** An attempt in good faith under a valid law to organize a consolidated school district, and a compliance with all the requirements of the law necessary to the organization of such a district, except that the plats posted did not sufficiently describe the boundaries, and an election of directors and their assumption of authority to conduct a school within the territory and the maintenance of a school therein for three years, constitute a **de facto** school district and the directors **de facto** officers.

2. ———: ———: **Levy of Taxes.** The validity of a school tax cannot be impeached on the ground that it was levied by **de facto** officers. Besides, a school district does not assess and levy school taxes, but the county clerk, upon the estimates furnished by the school board, makes the levy, as required by statute (Sec. 11142, R. S. 1919); and the act of the directors of a **de facto** consolidated school district, in making the estimate of the moneys needed to sustain the school for the year and the rate required to raise said amount, is valid, and the levy made by the county clerk in accordance with such estimate, is likewise valid.

**3. SCHOOL DISTRICT: Dissolved: Collection of Taxes.** The collection of taxes levied in accordance with the statutes for the use of a **de facto** school district may be enforced in a suit brought by the county collector of the revenue against the taxpayer, after the district has been dissolved by judgment of court. In collecting the tax the collector is the agent of the State, and the school district is not a party to the suit to enforce collection; and the fact that the district can no longer sue or be sued, and that there may be no district organized to receive the taxes when collected, does not affect the right of the collector to judgment.

**4. ———: Collateral Attack: Suit to Collect Taxes.** The validity of the organization of a **de facto** consolidated school district cannot be questioned in a suit by the collector of the revenue to collect the school tax. The invalidity of the tax levy cannot be shown by a collateral attack upon the legality of the organization of a **de facto** public corporation.

**5. ———: Dissolution: Before Suit for Taxes.** The time the suit for school taxes is brought by the county collector does not fix the liability of the taxpayer. The fact that suit to enforce the collection of a school tax was not begun until after the school district had been dissolved by decree of court, does not take the case out of the general rule that taxes once levied in accordance with existing law must be paid, and that the organization of the **de facto** organization for whose use they are levied cannot be collaterally attacked. Where the court in disorganizing the consolidated school district did not invalidate the prior acts of its officers, but only enjoined further action by them, the liability of the taxpayer to pay school taxes levied according to law before the judgment of dissolution still remains, and the collection of such taxes may be enforced by a suit brought by the county collector after the judgment of dissolution was rendered.

Appeal from Lafayette Circuit Court.—*Hon. Robert M. Reynolds,* Judge.

AFFIRMED.

*Milligan & Thompson* for appellants.

(1) The school taxes assessed and levied by the pretended consolidated school district were illegally assessed and levied, as said district never had any legal existence. Calloway Bank v. Ellis, 238 S. W. 844. (2) The pretended consolidated school district having been disorganized by a judgment of court of competent jurisdiction was divested of authority to sue or be sued. Meramec Spring Park Co. v. Gibson, 268 Mo. 394; Lilly v. Taylor, 88 N. C. 489; Merriwether v. Garrett, 102 U. S. 472. (3) The collector of revenue is the instrumentality of said school district for the purpose of collecting taxes. Secs. 11186, 11187, R. S. 1919; Lilly v. Taylor, 88 N. C. 394. (4) The pretended consolidated school district having been disorganized by judgment of court before suit was filed, plaintiff was divested of all authority to sue for the school taxes assessed and levied by and for said district before it was disorganized. Meramec Spring Park Co. v. Gibson, 268 Mo. 394; Lilly v. Taylor, 88 N. C. 489; Merriwether v. Garrett, 102 U. S. 472; Dodge v. People, 113 Ill. 491. (5) The pretended consolidated school district was not a *de facto* corporation. 14 C. J. sec. 223, p. 213. A *de facto* school district cannot levy taxes.

*Henry C. Chiles* for respondent.

(1) Where an attempt is made to form a corporation (such as a drainage district, school district, or the like) and such attempt fails, the courts will declare that a *de facto* corporation exists, if there be found the following four essentials, viz: (a) A constitutional law under which organization could be had; (b) attempted organization under such law in good faith; (c) colorable compliance with such law; (d) assumption of corporate powers. 28 Cyc. 172. (2) The consolidated school district in question was attempted to be organized under the act which has been repeatedly held to be constitutional. State ex rel. Clark v. Gordon, 261 Mo. 632; State ex rel. Richart v. Stouffer, 197 S. W. 248. The three other essentials are matters of fact and are shown to have existed from the agreed statement. The consolidated school district in question was therefore a *de facto* school district. (3) The legal existence or validity of the organization of a school district, drainage district or municipal corporation cannot be attacked indirectly. Collateral attack will be denied. Particularly will it be denied in a suit for taxes. 35 Cyc. 846, par. 9; State ex rel. McBride v. Sheetz, 214 S. W. 376; State ex rel. McBride v. Byrd, 214 S. W. 378; State ex rel. Strickland v. Rawls, 226 S. W. 889.

GANTT, J.—This is a suit by the Collector of Lafayette County to enforce a lien for taxes for the years 1920 and 1921 upon land of the following description, belonging to defendants: 33.09 acres off the south side of the north half of the southwest quarter of Section Three (3), Township Fifty (50), Range Twenty-eight (28); 60 acres off the south side of the north half of the southeast quarter of Section Four (4), in said township and range—all being in Lafayette County and State of Missouri.

The petition is conventional and was filed on the 11th of April, 1923. The answer admits the defendants owe all the taxes listed in the taxbill except the school tax. Lawful tender was made of all taxes admitted to have been lawfully levied. Further answering it is pleaded that the tax was levied for the use of Consolidated School District No. 4 of Ray and Lafayette Counties, and that said tax was illegal and void for the reason that the school district was not lawfully organized.

The reply was a general denial, with a plea of a *de facto* district and *de facto* officers, and that the acts of said officers in conducting the school were valid.

Judgment was for plaintiff for $104.48, and for costs including attorney's fees. After unsuccessful motions for a new trial and in arrest of judgment, defendants were granted an appeal.

The facts are admitted to be as follows: On the —— day of April, 1920, an effort was made to form a school district, to be known as Consolidated School District No. 4 of Ray and Lafayette Counties,

by uniting districts numbered 85 and 87, together with other territory, in Ray County, and District No. 13 in Lafayette County. On the 23d of April, 1920, an election was held and the proposition was declared carried, and six directors declared elected. Thereupon, the persons elected organized as a board of directors and conducted school in the district during the years 1920, 1921 and 1922; teachers were employed and the usual school expenses incurred; the expense of conducting the school was paid from taxes levied on property in said district; no other public school was held in said territory during these years; the directors, on or before the 15th of May, 1920 and 1921, forwarded to the county clerks of Ray and Lafayette counties an estimate of the amount of funds necessary to sustain the school for a term of nine months each year, and certified the rate required to raise said amount; the County Clerk of Lafayette County, on the estimate filed, levied the tax for each year according to the rate named on all the taxable property in said district in Lafayette County, including the above described land of appellants. It is further admitted that on the 18th of September, 1920, the Prosecuting Attorney of Ray County filed in the circuit court of said county an information in the nature of *quo warranto* against said directors to determine the legality of the organization of the district; that on the 19th of May, 1921, the court rendered judgment of ouster, disorganized the district and enjoined the directors from further action; that on the 28th of February, 1922, the court overruled the motions of the directors for a new trial and in arrest of judgment, and granted an appeal to this court, which appeal, on motion of the directors, was dismissed on the 27th of February, 1923.

I.    Appellants contend there was no *de facto* school district and no *de facto* officers of said district. We do not agree to this contention. An attempt was made in good faith under a valid law to organize **Defacto District.** the district. All the requirements of the law necessary to a lawful organization of a consolidated school district were complied with except the plats required to be posted did not sufficiently describe the boundaries of the proposed district. The persons elected directors assumed the authority to and did conduct a school in the territory for three years. We think this meets the requirements of the rule. [14 C. J. p. 214; 3 Cooley's Taxation (4 Ed.) p. 2022; Franklin Avenue Bank v. Board of Education of the Town of Roscoe, 75 Mo. l. c. 411.]

II.    Appellants contend the *de facto* district could not legally assess and levy taxes. The district did not assess and levy taxes. It is admitted that the county clerk, on the estimate furnished, made **Levy of Taxes.** the levy as required by Section 11183, Revised Statutes 1919. The directors forwarded to the county clerk an estimate of the amount of funds necessary to sustain the school for the year and the rate required to raise said amount. [Sec. 11142, R. S.

1919.] All the authorities hold this act of the directors to be valid. [22 R. C. L. p. 601; Akers v. Kolkmeyer, 97 Mo. App. 520, 71 S. W. 536; Simpson v. McGonegal, 52 Mo. App. 540; Usher v. Telegraph Co., 122 Mo. App. l. c. 111, 98 S. W. 84.] In addition, the general rule is that the validity of a school tax cannot be impeached on the ground that it was levied by *de facto* officers. [Constantineau on the *De Facto* Doctrine, 453.]

It was said in the case of Moore v. Turner, 43 Ark. 243: "Every consideration of public policy, upon which the rule of law is grounded that the character of officers *de facto* shall not be questioned in collateral proceedings, applies with equal, if not with greater force, to the officers engaged in the collection of the revenue. It is essential to the well-being of the whole community that collections should be made promptly to meet the exigencies of the government. Endless embarrassment in the administration of the laws, and in maintaining the public credit, might occur, if each and every taxpayer on the eve of the collections might impede them by questioning the official character of some one concerned in the chain of legal formalities, through which taxes are exacted. There is no ground for the distinction."

This contention is overruled.

III. It is contended by appellants that the collector is the agent of the *de facto* district for the purpose of collecting taxes; that the district having been disorganized before the suit was commenced, **Dissolution of District.** the collector had no principal to represent, and the suit must fail for that reason. In collecting the school taxes, the collector is the agent of the State. [Sec. 12928, Revised Statutes 1919.] The *de facto* district is not a party to this suit. Appellants cite in support of this contention cases holding that when a corporation is disorganized it cannot sue or be sued, and that when a town surrenders its charter, or when its charter is repealed, it cannot collect taxes levied before it loses its charter. The rule announced in these cases has no application to the facts of this case. Appellants direct our attention to the case of Callaway County v. Ellis, 238 S. W. l. c. 846, holding that there can be no conveyance of land without it be to a grantee capable of receiving a grant. It is argued that the district having been disorganized, there is no district to receive the taxes collected. If the appellants owe the taxes, they may leave the disbursement of them to the proper officers. This contention is overruled.

IV. Appellants contend the validity of the organization of a school district can be questioned in a suit for school taxes. The following cases dispose of this contention against appellants: Burnham v. Rodgers, 167 Mo. 17, 66 S. W. 970; Black v. **Collateral Attack.** Early, 208 Mo. 281, 106 S. W. 1013; State ex rel. v. Miller, 113 Mo. App. 665, 88 S. W. 637; 2 R. C. L. p. 603; Vorhees Law of Pub. Sc., p. 25; 3 Cooley's Taxation (4 Ed.) p. 2029.

V. But it is contended this suit having been commenced after the disorganization of the district should take the case out of the general rule. The time the suit was brought does not fix the liability in this case. The court in disorganizing the district did not invalidate the prior acts of its officers but enjoined further action by

**Suit after Dissolution.** them. The taxes are levied and collected by the State. All real estate is subject to taxation for school purposes. [Sec. 11183, R. S. 1919.] The taxes in question became due and payable in 1920 and 1921, based on assessments of 1919 and 1920, and became a lien in favor of the State upon the land of appellants as of the first of June, 1919 and 1920. [Secs. 12756, 12757, Revised Statutes 1919.]

The cause of action stated in the petition is the statutory action *in rem* to enforce the lien of the State against the lands of the appellants. [Sec. 12928, Revised Statutes 1919.] It is not contended that the law relating to the assessment and levy of school taxes was not complied with. The tax was levied as directed by the statute, and appellants have no cause to complain.

The judgment should be affirmed. It is so ordered. All concur.